No. 39,346

Jack Conrad, *Appellee*, v. Wayne Dillinger, *Appellant*.

(270 P. 2d 216)

Opinion filed May 8, 1954.

*Elmer W. Columbia*, of Parsons, argued the cause, and *John B. Markham*, and *Herman W. Smith, Jr.*, both of Parsons, and *C. R. Stauffacher*, of Columbus, were with him on the briefs for the appellant.

*Jack L. Goodrich*, of Parsons, and *Sylvan Bruner*, of Pittsburg, argued the cause, and *L. M. Resler*, and *Morris Matuska*, both of Pittsburg, and *Joe L. Henbest*, of Columbus, were with them on the briefs for the appellee.

The opinion of the court was delivered by

Wertz, J.: This is an appeal from a ruling of the trial court striking from appellant's answer a substantial portion of his defense.

Appellee Jack Conrad will be hereinafter referred to as plaintiff, and appellant Wayne Dillinger, as defendant. The pertinent portions of the pleadings may be summarized as follows:

The petition alleged that plaintiff was riding a saddle horse in an easterly direction on U. S. highway 160 approximately eight miles east of the city of Parsons, when the defendant negligently and carelessly drove his truck into the horse upon which he was riding, throwing him to the concrete pavement and seriously injuring him. He alleged defendant was guilty of certain acts of negligence which were the proximate cause of his injury, and prayed for damages and costs.

Defendant answered by way of a general denial and further alleged that the plaintiff was guilty of negligence in certain particulars barring his recovery, and specifically alleged in the *second*

paragraph of his answer that on December 27, 1952, in the dark of the evening plaintiff rode his horse out on the highway without any light or warning signal of any kind, *in violation of the traffic laws of the State of Kansas,* and without regard to his own safety or the safety of others who were using the highway, and alleged as a defense in the *third* paragraph of his answer that it was the duty of the plaintiff at the time and place if he intended to use the highway in the dark of the evening, and more than thirty minutes after sunset, to have equipped himself with at least one lighted lamp or lantern exhibiting a white light visible from a distance of 500 feet to the front and with a lighted lamp or lantern exhibiting a red light visible from a distance of 500 feet to the rear; that it was negligence on the part of the plaintiff to ride a horse on the highway without lights and without regard for his own safety and the safety of others, and that the collision and resulting injuries were proximately caused by plaintiff's own negligent conduct and his failure to have lights as required by the traffic laws of Kansas and in violation of G. S. 1949, 8-501, 8-506, 8-580, 8-581 and 8-588. These statutes were copied *verbatim* in the defendant's answer. Defendant concluded with a prayer for judgment for costs.

Plaintiff moved to strike from defendant's answer all reference to the quoted statutory provisions, for the reason that a saddle horse does not fall within the definition of a vehicle as defined by the act, and that the act has no application to a ridden animal and, therefore, the violation of the mentioned traffic laws is not a defense to the action. Plaintiff's motion was sustained, and the italicized portion of paragraph *second* and all of paragraph *third* were stricken from defendant's answer. From this order, defendant appeals.

For the purposes of this appeal, we will consider plaintiff's motion to strike as tantamount to a demurrer to the mentioned portions of defendant's answer.

This court has always adhered to the rule that a defendant may set forth in his answer as many grounds of defense, counterclaim, setoff and for relief as he may have, whether they be such as have been heretofore denominated legal or equitable, or both. (G. S. 1949, 60-710; 4 Hatcher's Kansas Digest [Rev. Ed.], Pleading, § 103; West's Kansas Digest, Pleading, § 90.) Moreover, as will be disclosed by the cases cited under section 60-710, a defendant has a right to form his pleadings so as to meet such conditions and contingencies of the case as his opponent might possibly attempt to prove. (*State, ex rel., v. Leopold,* 172 Kan. 371, 373, 240 P. 2d 138.)

The question which concerns us is whether the saddle horse, under the facts alleged, is a vehicle within the meaning of the statute, thereby subjecting plaintiff to the traffic regulations applicable to the driver of a vehicle or, if not a vehicle, whether a person riding a horse upon a roadway is subject to the provisions of the act applicable to the driver of a vehicle.

G. S. 1949, 8-501 *et seq.*, are designated as Uniform Act Regulating Traffic on Highways.

Section 8-501 defines the various words and phrases used in the act. "Vehicle" is defined as every device in, upon, or by which any person or property is or may be transported or drawn upon a highway, except devices moved by human power or used exclusively upon stationary rails or tracks. "Traffic" is defined to include ridden or herded animals while using any highway for purposes of travel.

Section 8-506 provides that every person riding an animal upon a roadway shall be subject to the provisions of the act applicable to the driver of a vehicle.

Section 8-580 makes it a misdemeanor for any person to drive or move on any highway, any vehicle or combination thereof, which does not contain or is not at all times equipped with such lamps as required by the act.

Section 8-588 provides that all vehicles, including animal-drawn vehicles, and those not hereinbefore specifically required to be equipped with lamps, shall at all times specified in 8-581 be equipped with at least one lighted lamp or lantern exhibiting a white light visible from a distance of 500 feet to the front of such vehicle and with a lamp or lantern exhibiting a red light visible from a distance of 500 feet to the rear. The term "vehicle" has been variously defined:

"That in or on which a person or thing is or may be carried from one place to another, esp. along the ground,  .  .  .;  any moving support or container fitted or used for the conveyance of bulky objects; a means of conveyance." (Webster's New International Dictionary, Second Edition, Unabridged.)

"That in or on which anything is or may be carried;  .  .  ." (Funk & Wagnalls Practical or Standard Dictionary.)

"Every device in, upon, or by which any person or property is or may be transported or drawn upon a highway,  .  .  ." (G. S. 1949, 8-501.)

It will be observed when the legislature adopted section 8-501, it expressly made the definition of the word "vehicle" in that section so broad that it included not only automobiles and animal-drawn vehicles, but every device upon or by which any person or property

may be transported, and this definition is sufficiently broad to cover ridden animals and bicycles. This same section defines the word "traffic" to mean ridden animals while using any highway for purposes of travel. Moreover, the legislature in adopting section 8-506 definitely made all the provisions of the act applicable to persons riding animals upon a roadway, irrespective of whether such animals came under the definition of a vehicle.

We are of the opinion that the court erred in striking the italicized portion of the *second* paragraph, and all of the *third* paragraph from the defendant's answer. The case is reversed and remanded with instructions to reinstate the stricken portions, with the exception of that part quoting the mentioned sections of the statutes *verbatim.*

It is so ordered.