No. 39,392

O. J. REDDINGTON, *Appellant,* v. CHARLES RANK and JAMES C. ARNOLD, *Appellees.*

(271 P. 2d 807)

Opinion filed June 12, 1954.

*J. Wirth Sargent,* of Wichita, argued the cause and was on the briefs for the appellant.

*Getto McDonald,* of Wichita, argued the cause, and *William Tinker, Arthur W. Skaer, Hugh P. Quinn,* and *William Porter,* all of Wichita, were with him on the briefs for the appellees.

The opinion of the court was delivered by

WEDELL, J.: Plaintiff filed an action in the city court of Wichita to recover damages alleged to have resulted in an automobile

collision. Defendants prevailed and plaintiff appealed to the district court on October 10, 1949.

The pleadings in the city court consisted of an original and an amended verified bill of particulars and a verified answer which was a general denial. On November 5, 1949, defendants undertook to reform the pleadings and filed a motion in the district court to strike certain paragraphs of the bill of particulars. The grounds of the motion are not disclosed. The court overruled the motion in part and sustained it in part. That ruling was made May 28, 1951, one year, six months and twenty-three days after it was filed. On July 17, 1951, plaintiff filed a new bill of particulars in conformity with the court's order. In a letter transmitting it to the clerk of the district court appellant enclosed a copy to defendants' counsel on which copy he included a postscript which read,

"I would appreciate it if the defendant would file an answer in this case."

Neither a demurrer nor an answer was filed to the amended bill of particulars. Nothing further appears to have happened insofar as the record before us discloses until the October, 1953, term of court. On October 7, which was not the opening day of the October term, the court, on its own motion, dismissed the action without prejudice at plaintiff's cost and ordered that execution issue. No grounds for dismissal are stated in the order. On October 20, 1953, plaintiff filed a motion to reinstate the case which reads:

"1. This case was praeciped for trial and since that time, so far as plaintiff or plaintiff's attorneys know, the case has not been placed on the trial docket and plaintiff has been waiting an opportunity to try the case and would like to have the dismissal set aside and the case reinstated and set for trial."

The motion was overruled. No reason for the order is stated. On October 28 plaintiff filed a supplemental motion to reinstate which was:

"1. When the original Motion to Reinstate was filed, plaintiff's attorney was of the opinion that the case had been praeciped for trial, but the praecipe evidently was not filed nor made, but this is mentioned to show that there has been no intention on the part of plaintiff or plaintiff's attorney to have the case dismissed.

"2. For further reason, plaintiff states that this case cannot be dismissed 'without prejudice' for the reason that it is an appeal from the City Court wherein judgment was rendered against plaintiff and that if this case is dismissed it will be impossible for plaintiff to file the same again. This means that the dismissal is 'with prejudice'.

"3. There is no authority in the rules of this court effective January 14, 1952, which would authorize the dismissal of this case at this time.

"4. The action of the court in dismissing the case without prejudice, without notice to the plaintiff, is contrary to the established custom which has been to set the cases for trial and if the trial is not proceeded with by plaintiff then it would be dismissed for lack of prosecution.

"5. The procedure is contrary to G. S. 1949, 60-3105, which provides for dismissal by the court without prejudice where plaintiff failed to appear on the trial.

"6. The action of the court in dismissing this case was arbitrary.

"7. Plaintiff states that he desired to offer evidence on this hearing to support this motion and also to supplement the original motion to reinstate."

The second ground of the above motion has been abandoned on appeal. On the hearing of the last motion plaintiff introduced five exhibits which the abstract discloses were as follows:

"Plaintiff's Exhibit 1 is a letter dated November 29, 1949, from plaintiff's attorney to Mrs. Wayne Parsons, the court reporter in the City Court at the time of the trial of this action in said court, asking for a transcript of the testimony of Charles Rank and a transcript of the testimony of Ruth Reddington.

"Plaintiff's Exhibit 2 is another letter from plaintiff's attorney dated December 5, 1949, to Mrs. Wayne Parsons thanking her for her letter of December 2, 1949.

"Plaintiff's Exhibit 3 is the letter from the reporter to Mr. Sargent dated December 2, 1949, stating that it would be at least two weeks before she could get her books out of storage (she had married and moved from Wichita), that she had a deposition to be done first, and that it would then not take long, and that she would forward the transcripts when they were finished.

"Plaintiff's Exhibit 4 is a letter dated March 16, 1950, from Sargent to Mrs. Parsons inquiring about the transcript.

"Plaintiff's Exhibit 5 is a letter dated July 16, 1951, from Sargent to the Clerk of the District Court, enclosing the Second Amended Bill of Particulars for filing. A postscript on the copy thereof which was sent to Hugh Quinn reads as follows: 'I would appreciate it if the defendant would file an answer in this case.' "

Counsel for plaintiff advised the court he was anxious to try the case.

The journal entry covering the court's ruling of November 2, 1953, reads:

"The court, being duly advised in the premises, finds that said Supplemental Motion to Reinstate should be, and the same hereby is overruled.

"It Is so Ordered."

Plaintiff has appealed from the orders dismissing the action, denying his motions to reinstate and from the order striking a portion of his bill of particulars.

Appellant quotes rules of the district court of Sedgwick county adopted January 14, 1952, as follows:

" 'RULE No. 2. PRAECIPED CASES ON CIVIL JURY TRIAL DOCKET.

" 'After the issues are made up between two or more parties in any case triable to a jury, either party *may praecipe the case upon the jury trial docket by praecipe and not otherwise.* Copy of the praecipe shall be mailed immediately to the adverse parties or their attorneys of record. [Appellant's emphasis.]

" 'RULE No. 3. ASSIGNMENT OF CASES AND PLACE OF TRIAL.

" 'All cases filed with the Clerk of the District Court shall be assigned to the various divisions by the Preliminary Judge drawing the case numbers given by the Clerk from a container.

" 'When a case is thus assigned the Judge of the division to which it is assigned shall have full charge of the case, except when the Judge of the division to which the case has been assigned is on vacation or is ill.

. . . . . . . . . . . . . . . .

" 'Whenever a case is dismissed and refiled, it shall be reassigned to the division where pending when dismissed.

" 'RULE No. 4. ASSIGNMENT OF CASES FOR TRIAL.

" 'On the opening day of each term the judge of each division shall assign state cases for his division for trial during the jury session of that term.

" 'All civil jury cases praeciped on the civil jury trial docket *shall stand for trial in the order in which they are praeciped on the trial docket in the division to which the cases have been assigned,* or in the division to which the case has been transferred. [Appellant's emphasis.]

" 'It shall be the duty of every attorney having any cases upon the criminal docket to attend the call of the docket.' "

Appellant also states there is no rule of court relating to dismissal of an action for lack of prosecution. This statement is not denied by appellees.

Appellant's contentions may be summarized as follows: (1) At the time the action was dismissed appellees had filed no answer to the amended bill of particulars; (2) the court's action was contrary to the rules of the court; (3) it was contrary to custom in that court; (4) it will result in undue hardship to appellant; (5) it constituted an abuse of judicial discretion; and (6) violated the intent and purpose of G. S. 1949, 60-3105, which reads:

"An action may be dismissed without prejudice to a future action:

"*First.* By the plaintiff, before the final submission of the case to the jury, or to the court where the trial is by the court.

"*Second.* By the court where the plaintiff fails to appear on the trial.

"*Third.* By the court for want of necessary parties.

"*Fourth.* By the court, on the application of some of the defendants, where there are others whom the plaintiff fails to prosecute with diligence.

"*Fifth.* By the court, for disobedience by the plaintiff of an order concerning the proceedings in the action.

"In all other cases, upon the trial of the action the decision must be upon the merits."

Appellant insists the action could not have been dismissed on any of the statutory grounds. He emphasizes that: No answer had been filed to the second amended bill of particulars; the case had not been placed on the trial docket; it had never been set for trial for any date; he did not fail to appear on the trial; he received no notice the action would be dismissed unless it was tried by some designated date and he disobeyed no rule of the court or any order of the court concerning the proceedings in the action.

Appellees rely on *City of Wichita v. Catino*, 175 Kan. 657, 265 P. 2d 849. In that case two criminal appeals from the city court appeared on the October, 1952, district court docket and were set for trial on December 8, 1952. On that date they were passed over the term and placed on the docket for January 12, 1953, that being the first day of the January, 1953 term. All concerned appeared on that day and announced ready for trial. There was disagreement relative to what was done thereafter. We held we were obliged to rely on the journal entry which clearly disclosed the cases were continued to March 9, 1953. The defendant failed to appear on that date. The jury and the city were present. The case was dismissed for lack of prosecution.

We concluded the district court did not abuse its discretion. Factually, however, there is little, if any, similarity between that and the instant case.

G. S. 1949, 61-1001 provides for appeals from justice of the peace and city and county courts in civil actions and states that it shall be by notice of appeal.

The pertinent part of G. S. 1949, 61-1003 provides:

"The district court shall try and determine the same as if originally filed therein, and may, in its discretion, order further or amended pleadings to be filed therein."

It is well established that appeals from justice of the peace or city courts are tried *de novo* in the district court; that rules of pleading are of little importance and can hardly be enforced in that court and therefore pleadings may be completely reformed in the district court. (*Zimmerle v. Felzien*, 121 Kan. 34, 245 Pac. 1024; *Bankers Commercial Corp. v. Markl*, 148 Kan. 789, 84 P. 2d 896.) In the Zimmerle case it was said:

"Before the time set for the trial *de novo*, the defendant with much propriety might have applied to the district court for an order requiring the plaintiff to reform his pleadings so that his cause of action might more clearly have

been stated, or so that its defects might have been so clearly apparent that they could be effectively challenged by demurrer." (p. 37.)

In the instant case appellant contends, as will later appear, the court struck an essential portion of his cause of action in response to appellees' motion. Whether appellees intended to demur to the second amended bill of particulars at some later time does not appear and we need not speculate on that subject. At any rate no demurrer or answer was ever filed and the time for appellees to answer, of course, had long expired. (G. S. 1949, 60-726.) It was appellees, and not appellant, who were in default on the pleadings.

We have given careful consideration to the question whether the answer filed in the city court properly might be regarded as a continuing answer after the district court reformed the amended bill of particulars in compliance with appellees' motion. We find such a conclusion untenable in view of the statute which makes the trial in the district court entirely *de novo* and leaves nothing of the proceedings in the city court. (*Bankers Commercial Corp. v. Markl,* supra, p. 792, 794.)

Irrespective, however, of the foregoing we would not be justified in concluding the parties, or the district court, regarded the issues as having been joined. The district court, in conformity with statute, undertook to reform and ordered that the amended bill of particulars be reformed. Appellant complied. Appellees filed nothing. Under the court's own rules, previously quoted, the case could not have been praeciped for trial by any of the parties until the issues were joined. G. S. 1949, 60-2932 provides:

"Actions shall be triable on the issues of fact in ten days *after the issues are made up.* Issues of law and motions may be tried by the court or judge in termtime or vacation, at such times as the court or judge may fix, *after reasonable notice, which shall not be less than three days."* (Our italics.)

G. S. 1949, 60-2930 reads:

"A *trial docket shall be made out by the clerk under the direction of the court,* on which assignments of causes for trial on particular days shall be so made *as to give reasonable notice to the parties of the days on which such causes are to be heard."* (Our italics.)

As previously stated this case was not assigned for trial. It was never advanced beyond the appearance docket. The record here discloses no notice to the parties to join issues for trial by any date or that for failure to do so the action would be dismissed. Neither the journal entry of dismissal nor the order refusing to reinstate the action discloses a previous notice of any kind was given.

Except on the opening day of a term on which the court is permitted to act as provided by statute it seems clear the various statutes contemplate notice shall be given concerning important court action. We do not mean to say a district court does not possess inherent discretionary power, independent of statute, to dismiss a case for want of prosecution, under circumstances warranting dismissal. We have held, absent abuse of discretion, the court has such power. (*City of Wichita v. Catino,* supra.)

This court is in complete harmony with the purpose of courts to clear their dockets of old cases in order to save time and expense and to expeditiously dispatch the court's business. Such a practice is commendable and should be encouraged. On the other hand it is highly important that the drastic procedure of dismissing an action involving rights of a citizen should be exercised with utmost care. We know of no sound reason why district courts should not adopt and adhere to a definite rule of notifying counsel that cases of long standing, irrespective of whether they are at issue, will be dismissed unless prosecuted by a stated time. But to sanction the dismissal of a case, without notice, which has not been assigned to the trial docket and especially to refuse, without condition, to reinstate it under circumstances heretofore narrated impresses us as constituting a drastic remedy which may easily result in serious abuse of power. We are advised it is the custom of the judges of the district court of Sedgwick county to give notice before dismissing cases. If that be true and the custom had been followed in the instant case that fact could have been indicated in the order of dismissal or in the order refusing to reinstate the action. Nothing in the record reflects such notice. In consideration of all the circumstances in this particular case we think the court's action was too robust.

We come now to the question whether the court properly struck a certain allegation in appellant's first amended bill of particulars which had been filed in the city court. The action involved a collision of automobiles in an intersection of streets in the city of Wichita. The allegations which appellees moved to strike were:

"3. That at the time and place aforesaid, the defendant Rank, while operating the said motor vehicle of the defendant Arnold, was under the influence of intoxicating liquor.

"5. (b) In operating said truck while under the influence of intoxicating liquor, in violation of Section 8-530, G. S. 1947 Supp."

The court struck all of paragraph 5 (b) and overruled the motion as to paragraph 3. The court well might have stricken that portion

of paragraph 5 (b) which alleged "while under the influence of intoxicating liquor" for the reasons such fact was already alleged in paragraph 3. Appellant, however, had a right to allege appellees' conduct constituted a violation of a specific statute, without quoting it, if appellant claimed such violation constituted one of the proximate causes of the collision. (*Conrad v. Dillinger*, 176 Kan. 296, 270 P. 2d. 216.) That such violation was one of the proximate causes of the collision was later alleged in the pleading. That part of paragraph 5 (b), therefore, should not have been stricken.

The orders complained of are reversed with directions to reinstate the action and to proceed therewith according to the views herein expressed. It is so ordered.

PRICE, J., dissents from subparagraph (a) of paragraph 4 of the syllabus and the corresponding portion of the opinion.