No. 47,970

W. H. COUTTS, JR., *Appellant*, v. VERNA DARLENE CRIDER, a/k/a MRS. GEORGE B. CRIDER, a/k/a VERNA DARLENE MERRYMAN, a/k/a VERNA DARLENE HAYWOOD, a/k/a VERNA DARLENE SCIMECA, *Appellee*.

(549 P. 2d 1019)

Opinion filed May 8, 1976.

*Morgan Metcalf*, of Coutts, Coutts & Metcalf, of El Dorado, argued the cause and was on the brief for the appellant.

*Allyn M. McGinnis*, of McGinnis & McGinnis, of El Dorado, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

MILLER, J.: This is an appeal by W. H. Coutts, Jr., an attorney and a member of the Bar of this court, from an order of the trial court sustaining a motion to dismiss for want of prosecution. The sole issue is whether the court abused its discretion by sustaining the motion.

The facts are not in dispute. Plaintiff is an attorney in the general practice of law at El Dorado, Kansas. Defendant was his client. Plaintiff performed various legal services for her. He was not paid. He commenced this action by filing a petition in the District Court of Butler County on November 1, 1967. Her answer was timely filed by her attorney, L. J. Bond, on November 20, 1967. The amount sought was $1,251.73. The answer admitted an obligation of $300. Interrogatories were served by both parties, and answers were filed December 5, 1967 and March 7, 1968.

Nothing appears of record in the case from March, 1968 until a motion to dismiss for want of prosecution was filed by Allyn M. McGinnis as attorney for defendant on July 12, 1974. Plaintiff filed a notice of readiness for trial on July 30, 1974.

The defendant's motion to dismiss came on for hearing before the court on July 17, 1974. During the discussion between court and counsel, plaintiff stated that he declined to press the case for trial out of sentiment for the defendant. The court stated that the matter should have been disposed of long ago, but that it desired to hear evidence as to whether or not the defendant would be prejudiced because of the age of the case.

"THE COURT: I think the question, Mr. Coutts, is whether or not the defendant would be prejudiced because of the age of the case. It's not, at this point, a question of the validity of your claim.

"MR. COUTTS: I realize that, Your Honor, but by the same token, I haven't brought any evidence to the court other than myself. . . . Mr. Metcalf will handle the case when it's set down. . . . I am up here merely for the motion that was presented here for no reason other than a dismissal. Now I might say, Your Honor, there have [sic] been no settlement whatsoever on my part. . . .

"THE COURT: Well, it would appear to me the question is something that can be resolved at the time of trial by simply not ruling on the motion at this time, and reserving the ruling and determining, based on the evidence presented on both questions, both issues, first of all, at the time of trial, and after hearing testimony of the witnesses on both sides, I can determine the equities, and then if I do not rule favorably to the defendant on a motion at that time, then I still have the question to rule on the validity of the claim. . . ."

The matter came on for trial November 22, 1974. Plaintiff presented evidence on his petition but presented no evidence as to the reason for delay. Defendant called plaintiff as her witness, and he testified that the only discussions he had relating to settlement were with Mr. Crider and Mrs. Copeland. Mr. Crider, a former husband of defendant, came to plaintiff and attempted to settle the matter before suit was filed, and plaintiff is sure that he returned after suit was filed and stated that ". . . they were going to raise the money and settle this . . ." Mrs. Copeland, a sister of defendant, called plaintiff twice in 1973. Plaintiff recalls telling her that he couldn't talk to her since defendant was represented by counsel. Plaintiff filed a notice of *lis pendens* in Scott County in 1967 in order to protect himself. Mr. Coutts stated that he wasn't delaying for any reason except he thought the matter would be settled. Out of respect for the defendant he had no desire to push the case. He never talked to the defendant or to her counsel

with reference to settlement. Mrs. Copeland testified as to her two futile attempts to secure a settlement figure from plaintiff in 1973. She understood that plaintiff "would look it up and get back to me on the phone. He would call me and let me know what he could do" but no settlement figure was forthcoming. Mrs. Copeland testified that defendant was in relatively good health until 1972 or 1973, when she was in the hospital.

The trial court took the matter under advisement, and on January 17, 1975, wrote counsel as follows:

"In the interest of time, I am submitting my decision to you in letter form. Briefly stated, this is an action for recovery of attorneys' fees for services rendered to the defendant over a period of time beginning sometime in 1957 until sometime in 1966. The plaintiff filed his petition herein in November, 1967.

"After the filing of the petition and the defendant's answer, there was virtually no activity in this file until July, 1974, at which time the defendant filed her motion requesting the court to dismiss the action for lack of prosecution. The court heard the argument on the motion on July 17, 1974, at which time, the plaintiff asked the court for an opportunity to present evidence to justify the lack of prosecution in the case. At that time, the court ordered the matter to be set down for trial for the purpose of hearing evidence on the motion to dismiss as well as evidence on the action in chief.

·    ·    ·    ·    ·    ·    ·    ·    ·    ·    ·    ·    ·    ·

"Considering first the issue of lack of prosecution, the plaintiff in his brief and in the presentation of evidence, basically argues that the prosecution of this case was delayed primarily for the benefit of the defendant inasmuch as the plaintiff was under the impression that the defendant was, in fact, ill over much of this period of time; and for the further reason that plaintiff was somewhat hesitate [sic] to prosecute an action against his client of many years. Further in his brief, plaintiff seems to argue that the defendant also has the responsibility for prosecuting the action, and further, that the court has failed in its responsibility to see that the matter was concluded. It will be admitted on the part of the court that due to an erroneous filing of a Journal Entry in an unrelated case in this particular case file, this case was removed from the court's docket of pending cases. Consequently, it did not come to the court's attention until defendant filed her motion.

"However, the court feels that the reasons given by the plaintiff for delaying action in the prosecution of this case does not justify a delay of this length of time; and further, the court believes that the primary responsibility of prosecution of the case lies ultimately upon the plaintiff absent any dilatory actions taken by the defendant to deliberately prolong the case or inaction by the court.

"It has been the practice of this court to make every effort to keep the cases moving toward judgment or dismissal, and to keep its docket current; and I believe that the attorneys, as members of the bar and of the court, should share in this responsibility. Therefore, it is my opinion that the defendant's motion to dismiss this case for lack of prosecution should be granted. For this

reason a consideration of the evidence with respect to the claim is moot, and the defendant's attorney is directed to prepare a Journal Entry in keeping with this letter opinion."

Following the overruling of his motion for a new trial, plaintiff perfected this appeal.

Plaintiff contends that the trial court committed reversible error and abused its discretion in sustaining defendant's motion to dismiss and in overruling his motion for new trial for the following reasons: (1) that the defendant caused delay in the prosecution by engaging in negotiation and attempts at settlement; (2) that the court caused delay in prosecution in failing to list this action on regular docket calls because of a clerical error and in failing to notify the plaintiff that the case should be tried by a certain date or be dismissed; (3) that the court, having heard the substantive issues involved in the appeal, should have ruled on the merits rather than on the motion; (4) that the defendant presented no defense to the plaintiff's claim; (5) that the defendant presented no evidence that the delay in any way prejudiced her; (6) that the defendant acquiesced in the delay; (7) that the defendant's answer admitted that she owed plaintiff a portion of the prayer; and (8) that the plaintiff's case was proved by substantial competent evidence, which was unrefuted.

K. S. A. 1975 Supp. 60-241 (*b*) provides that:

"For failure of the plaintiff to prosecute . . . a defendant may move for dismissal of an action or of any claim against him. . . ."

Cases decided by this court prior to the enactment of the above statute hold that the power of the courts to dismiss a case for failure to prosecute with diligence is inherent and exists without specific statutory authority. *Reddington v. Rank*, 176 Kan. 484, 271 P. 2d 807; *Carter v. State Department of Social Welfare*, 186 Kan. 187, 348 P. 2d 609. The current approach was set forth in the recent case of *Frost v. Hardin*, 218 Kan. 260, 543 P. 2d 941, where we said:

"Orders of dismissal for want of prosecution rest in the judicial discretion of the district courts in order that they may control their dockets, eliminate procrastination and delay, and expedite the orderly flow of business . . . Such orders will not be reversed on appeal in the absence of a clear showing of abuse of judicial discretion." (p. 263.)

Taking the plaintiff's arguments in the order presented, he first alleges responsibility on the part of the defendant for part of the delay in that defendant allegedly engaged in negotiation and attempts to settle the suit. It has been stated that:

"An action will not be dismissed or a nonsuit granted for want of prosecution where the delay was caused by arrangements between the parties looking to a settlement . . ." 27 C. J. S. Dismissal & Nonsuit § 65 (3) c, p. 444.

The record indicates only that the defendant's sister, Ruth Copeland, telephoned plaintiff twice in 1973, five to six years after the action was filed and between six months to a year before the motion was filed, to ask the plaintiff if he would be willing to take less than the amount sued for. Mrs. Copeland stated that the plaintiff said that he would "see what I can do." When he did not further communicate with her, Mrs. Copeland called him two months later at which time he allegedly said "he was sorry he hadn't had time to go into it, but he would get to it and would call back." He never did. In fact, on cross-examination, plaintiff, in discussing these "negotiation efforts and settlement attempts" stated that "I dismissed it largely from my mind. . . . I dismissed it from my mind by reason of the fact they had counsel of record." He had no discussions with defendant or her counsel regarding settlement.

Plaintiff made no attempt at settlement at all and the efforts of Mr. Crider and Mrs. Copeland long before the motion to dismiss was filed represent the only negotiation efforts by anyone on the defendant's side. It can hardly be said on the basis of this record that the delay here was caused by "arrangements between the parties looking to a settlement." If it can be said that these meager communications in any way amount to attempts at settlement they were certainly abandoned long before the motion to dismiss for want of prosecution was filed. As 27 C. J. S. Dismissal & Nonsuit § 65 (3) c, p. 444, states:

". . . [N]egotiations for a settlement which have been abandoned long before the motion to dismiss for want of prosecution afford no sufficient reason for denying the motion. . . ."

Mrs. Copeland's two telephone calls cannot be said to amount to mutual bona fide efforts to compromise. Nor does the inaction of the plaintiff evidence a reasonable belief, induced by the nature of the negotiations, that a trial could be avoided, so that it could be said that the ruling of the court in dismissing the action was an abuse of discretion.

Next the plaintiff argues that the defendant caused and acquiesced in the delay in bringing the case to trial in that she was ill.

". . . Generally, . . . illness of a party . . . is usually held to excuse delay when the facts indicate that the plaintiff was seriously handicapped in preparing or presenting his case by reason of such illness. Consideration is given to the seriousness of the illness, its duration with regard to

the length of time elapsing without action in the suit, and the effect of the delay on the opposite party. . . . The circumstances may be such, however, as to warrant the court, in its discretion, in dismissing an action notwithstanding illness of either the party or his counsel, particularly where there have been numerous and long-continued delays." 24 Am. Jur. 2d, Dismissal, Discontinuance, and Nonsuit § 67, pp. 58, 59.

While defendant's illness was apparently quite serious, the record indicates that the defendant did not become ill until sometime in 1972, approximately four to five years after this action was filed. No evidence appears as to how the plaintiff was handicapped in preparing or presenting his case by such illness. The only discovery attempted was completed in 1968. The record does not support this contention.

Plaintiff's next specification of error is that because of the inadvertent filing of a journal entry from another case in this case file, plaintiff was never notified by the court that the case had to be tried by a certain date or it would be dismissed.

". . . [A] failure to prosecute will not be excused by the neglect or fault of a court official . . ." 27 C. J. S. Dismissal & Nonsuit § 65 (3) i, p. 452.

Plaintiff, however, insists that the facts of this case require application of the law set forth in *Reddington v. Rank,* supra. That case involved an appeal to the district court from a Wichita city court judgment denying plaintiff recovery for damages allegedly received in an automobile accident. Plaintiff filed its appeal on October 10, 1949. On November 5, 1949 defendants moved to reform the pleadings and to strike certain paragraphs of the bill of particulars, which motion was granted on May 28, 1951. On July 17, 1951, plaintiff filed a new bill of particulars in conformity with the court's order and requested that defendants file an answer. They did not do so. On October 7, 1953, the district court, on its own motion and without explanation, dismissed the action. On October 20, 1953, the court overruled plaintiff's motion to reinstate. Plaintiff insisted that the action could not have been dismissed on any of the statutory grounds of G. S. 1949, 60-3105, predecessor statute to K. S. A. 1975 Supp. 60-241.

Plaintiff here attempts to make the cases analogous and quotes from *Reddington,* wherein this court stated:

"This court is in complete harmony with the purpose of courts to clear their dockets of old cases in order to save time and expense and to expeditiously dispatch the court's business. Such a practice is commendable and should be encouraged. On the other hand it is highly important that the

drastic procedure of dismissing an action involving rights of a citizen should be exercised with utmost care. We know of no sound reason why district courts should not adopt and adhere to a definite rule of notifying counsel that cases of long standing, irrespective of whether they are at issue, will be dismissed unless prosecuted by a stated time. But to sanction the dismissal of a case, without notice, which has not been assigned to the trial docket and especially to refuse, without condition, to reinstate it under circumstances heretofore narrated impresses us as constituting a drastic remedy which may easily result in serious abuse of power. . . ." (p. 490.)

The situation in *Reddington* is readily distinguishable from the instant case. In the first place no statutory provision allowed the court to dismiss an action except for failure of the plaintiff to appear for trial, for want of necessary parties, for want of prosecution on application of some of the defendants, or for disobedience by the plaintiff of a court order. G. S. 1949, 60-3105. None of those circumstances were present in *Reddington*. Our current statute, K. S. A. 1975 Supp. 60-241 (*b*), permits dismissal by the court on motion of the defendant for failure of the plaintiff to prosecute, and that is what took place here. In addition, while *Reddington* was four years old when dismissed, there had been action taken as recently as two years earlier at which time the plaintiff had asked the defendant to reply to his bill of particulars. In the intervening two years before dismissal the defendant had not responded. *Reddington* was dismissed on the court's own motion, without notice, at a time when the defendant was two years in arrears in filing a reply. Here the plaintiff filed his petition, the defendant answered, and the plaintiff took no affirmative action to prosecute for almost seven years. As *Reddington* also pointed out:

". . . We do not mean to say a district court does not possess inherent discretionary power, independent of statute, to dismiss a case for want of prosecution, under circumstances warranting dismissal. We have held, absent abuse of discretion, the court has such power. (*City of Wichita v. Catino,* [175 Kan. 657, 265 P. 2d 849].)" (p. 490.)

No abuse of discretion has been shown by the action of the trial court here. The *Reddington* case should be limited to its particular facts.

Next plaintiff contends that the court erred in dismissing the cause for want of prosecution after hearing all of the evidence on the merits. When a court has pending before it a motion by the defendant to dismiss the action, the fact that it receives evidence that goes to the merits of the plaintiff's cause of action does not

prohibit the court from ruling favorably upon the motion to dismiss. The trial court here forewarned plaintiff that he would hear all evidence and then rule first on the motion to dismiss. The plaintiff's complaint in this regard is without merit.

Likewise the fact that the defendant failed to present a defense to plaintiff's claim is not material to the matter of dismissal now before us. The motion to dismiss was granted. That disposed of the action; the merits were not determined and are not here in issue.

Plaintiff contends that the trial court erred in dismissing the cause in that defendant's answer admits that she owes a portion of the amount claimed by the plaintiff. That admission stood for over six years, during which time plaintiff filed no motion for partial summary judgment and took no steps toward trial. As the defendant points out, however, this matter was not raised when the motion to dismiss was argued nor was it raised in the motion for new trial. It is not properly before this court.

Finally, plaintiff complains that the defendant presented no evidence that the delay caused her harm or prejudice. But the plaintiff makes no showing that actual prejudice must be demonstrated before dismissal is proper. Though the trial court, in its initial hearing on the motion, made comments that tend to support plaintiff's present position, we note that K. S. A. 1975 Supp. 60-241 (b) makes no reference to a requirement that the defendant demonstrate actual prejudice from the delay in prosecution before defendant's motion to dismiss will be granted. Defendant, while not citing any cases from this jurisdiction on point, does point to a Nevada case, *Northern Ill. Corp. v. Miller*, 78 Nev. 213, 370 P. 2d 955, wherein the court noted:

". . . With the record silent as to any excuse for the delay in prosecution injury is presumed. . . ." (p. 217.)

In summary, we note that:

"Since . . . an action will not be dismissed for want of prosecution if a sufficient excuse for the delay is presented, whether or not the delay is excusable rests in the sound discretion of the trial court, and depends on all the facts and circumstances in the particular case. The fair test is whether plaintiff has had a reasonable opportunity to bring the action to trial. . . . An action will not be dismissed where plaintiff is prevented by causes beyond his control from bringing the case to trial, but where there is no reasonable excuse for delay, the action will be dismissed . . ." 27 C. J. S. Dismissal & Nonsuit § 65 (3) a, pp. 442, 443.

We conclude that the trial court did not err in sustaining defendant's motion, and in dismissing this action after a delay of over six years. We agree with the statement of the trial court that the primary responsibility for the prosecution of a case lies ultimately upon the plaintiff. Here plaintiff failed to discharge that responsibility and established no well founded reason for not doing so.

The judgment is affirmed.

FATZER, C. J., not participating.