No. 99,420

In the Matter of TIMOTHY A. TOTH, *Respondent*.

(184 P.3d 235)

Opinion filed May 23, 2008.

*Alexander M. Walczak*, deputy disciplinary administrator, argued the cause and *Stanton A. Hazlett*, disciplinary administrator, was with him on the formal complaint for petitioner.

*Timothy A. Toth*, respondent, argued the cause pro se.

*Per Curiam*: This is an original, uncontested disciplinary proceeding against respondent, Timothy A. Toth, an attorney admitted to the practice of law in Kansas on September 20, 1990. The Respondent's last registration address filed with the Clerk of the Appellate Courts of Kansas is in Independence, Missouri.

The office of the Disciplinary Administrator included allegations of misconduct for the Respondent's representation of four clients, referred to in this opinion as R.H., M.F., C.L., and R.L. The amended formal complaint charged Respondent with violating Kansas Rules of Professional Misconduct (KRPC) 1.1 (2007 Kan. Ct. R. Annot. 384) (competence); KRPC 1.3 (2007 Kan. Ct. R. Annot. 398) (diligence); KRPC 3.2 (2007 Kan. Ct. R. Annot. 503) (expediting litigation); KRPC 8.1(b) (2007 Kan. Ct. R. Annot. 553) (failure to respond to disciplinary authority); KRPC 8.4 (2007 Kan. Ct. R. Annot. 559) (misconduct); and Supreme Court Rule 211(b) (2007 Kan. Ct. R. Annot. 304) (failure to answer complaint).

A panel of the Kansas Board for Discipline of Attorneys conducted a hearing on May 23, 2007. The Respondent appeared pro se.

## FACTUAL FINDINGS

The hearing panel found the following facts by clear and convincing evidence:

"*Representation of [R.H.]*

"2. In November, 2005, the Respondent represented [R.H.] in *Miller Enter-*

*prises, Inc. v. [R.H.]*, filed in the District Court of Johnson County, Kansas, case number 05CV4329. Judge Vano presided over that case. After requesting that he be allowed to withdraw, but before the Court executed an order allowing the Respondent to withdraw, opposing counsel filed a motion for summary judgment. The Respondent neither perfected his withdrawal nor did he timely file a response to a motion for summary judgment in behalf of [R.H.].

*"Representation of [M.F.]*

"3.    The Respondent represented [M.F.] in *[M.F.] v. Robert Roberge*, filed in the District Court of Johnson County, Kansas. Following the dismissal, the Respondent appealed the case to the Kansas Court of Appeals. The Court of Appeals decision includes the following facts:

'This action arises out of an automobile accident on August 2, 1999, in which [M.F.] claims to have sustained personal injuries. The record discloses that a prior action against Roberge, assigned to Judge Foster, was dismissed without prejudice on July 25, 2002.

'The current action was filed on January 7, 2003. It apparently is the refiling of the earlier action that had been dismissed by Judge Foster. At the time suit was refiled, [M.F.] failed to comply with Local Rule 2.2 (Civil) by alerting the clerk of the court that the matter had previously been filed and assigned to Judge Foster. Accordingly, rather than being assigned to Judge Foster, the case was randomly assigned to Judge Russell. At a scheduling conference on January 8, 2004, Judge Russell became aware of this mis-assignment and ordered the case to be reassigned to Judge Foster.

'On February 13, 2004, Chief Judge Tatum issued one of the court's semiannual dismissal lists, alerting [M.F.] (among others) that pursuant to K.S.A. 2004 Supp. 60-241(a)(2) her case would be dismissed for failure to prosecute at 12 p.m. on March 12, 2004, unless by that time the assigned judge had entered an order removing the case from the dismissal list.

'[M.F.]'s counsel took no action in response until the last possible day. On March 12, 2004, her counsel was engaged in discovery in another case. He directed his assistant to file a motion to remove [M.F.]'s case from the dismissal list. Shortly after 2 p.m. on March 12, 2004, the assistant faxed to the Clerk of the District Court a motion to remove the case from the dismissal list, along with an unsigned order. No effort was made to comply with Local Rule 6.4 (Civil) which predicates removal of a case from a dismissal list on contacting the assigned court to set the matter for a pretrial or discovery conference, to obtain a trial setting, or to otherwise show good cause for removing the case from the list.

'Since no order was entered removing the case from the dismissal list, the district court dismissed the case for lack of prosecution on March 15, 2004. [M.F.] moved to set aside the dismissal and to reinstate the case. In her motion she acknowledged that she had been 2 hours late when she fax-filed her motion to remove the case from the dismissal list. When the district court overruled her

motion, [M.F.] appealed.' [*M.F. v. Roberge*, 34 Kan. App. 2d 312, 313-14, 120 P.3d 796 (2005).][1]

The Court concluded as follows:

'The primary responsibility for prosecuting a case lies with the plaintiff. When a case has not been prosecuted in a diligent manner, prejudice is generally presumed. *Namelo*, 33 Kan. App. 2d at 356-57. Forty-one months elapsed between the accident and the refiling of the action. Because [M.F.] failed to alert the clerk to the fact that the case had been filed before, the case languished in the wrong court for an additional 12 months. The inactivity in the refiled action prompted the court to place it on the dismissal list. Though [M.F.] claims that substantial discovery had taken place, we cannot find this assertion verified in the record. Further, Roberge disputes [M.F.]'s claim that she was cooperating in discovery. Simply put, the appearance docket reveals scant effort by [M.F.] to prosecute this case. Under the circumstances, the district court did not abuse its discretion in dismissing the case and refusing to reinstate it upon [M.F.]'s request.'

### *"Representation of [C.L.]*

"4.   The Respondent represented [C.L.] in an employment discrimination case captioned [*C.L.*] v. SGS Automotive Services, Inc. filed in the United States District Court for the Western District of Missouri, case number 04-0438-CV-W-GAF. On December 30, 2004, the Court issued an Order. In the order, the Court stated:

'[C.L.] filed a charge of discrimination against SGS with the Missouri Commission on Human Rights and the Equal Employment Opportunity Commission ("EEOC") on November 15, 2002. In August of 2003, [C.L.] was issued notice of her right to sue SGS. On October 14, 2003, sixty-two days after receiving her right to sue letter, [C.L.] instituted an action against SGS before this Court with Case No. 03-910-CV-W-GAF ("the first Action"). In that action, [C.L.] alleged three counts identical to those that she has instituted in the present action: (1) negligent and intentional infliction of emotional distress; (2) wrongful discharge; and (3) violation of Title VII, 42 U.S.C. § 1981. The claims in the First Action were brought solely against the Defendant SGS. SGS filed its answer (FA Doc. 3) to the First Action on December 12, 2003. Subsequent attempts to settle the matter under court ordered mediation were unavailing and the parties entered .the discovery phase of the lawsuit.

'This Court ordered that [C.L.] file a proposed scheduling order on or before January 26, 2004 (FA Doc. 4). Upon her failure [to] file the proposed scheduling order, the Court issued an order to show cause within fifteen days of January 29, 2005 (FA Doc. 5) as to why the First Action should not be dismissed. [C.L.] failed

---

[1] At the hearing on this matter, the Respondent argued that 12 p.m. was ambigous. The Hearing Panel finds the Respondent's argument to completely lack merit.

to respond to this Court's order to show cause. The First Action was subsequently dismissed and Clerk's Judgment was entered on February 23, 2004 (FA Docs. 8 & 9).

. . . .

'In this case, [C.L.] filed the First Action with the Court on October 14, 2003, sixty-two days after receiving her Notice of Right to Sue from the EEOC. SGS was the only defendant in the First Action. Four months later, on February 23, 2004, this Court entered an order dismissing with prejudice the First Action for plaintiff's failure to respond to an order to show cause. The present suit against both SGS and Copnehaver was instituted on May 11, 2004, two hundred and seventy-one days after receiving Notice of Right to Sue. Even if the ninety-day limitation period were tolled during the institution of the intervening First Action against SGS, notwithstanding the Court's dismissal of that case with prejudice, the time between [C.L.]'s receipt of her right to sue letter and the filing of the Second Action against SGS is one hundred and forty days. There are, however, no circumstances that indicate that equitable tolling applies in this case.

'This Court finds that [C.L.] did not file her cause of action under Title VII within the ninety day time limit provided by the statute. This Court finds further that Missouri's savings statute is inapplicable to the ninety day time period within which a claimant has the right to bring a claim under Title VII. There are no circumstances present in this case that would allow for the application of equitable tolling. [C.L.]'s failure to file her complaint within the time limit prescribed is fatal to her claims for relief under Title VII. Accordingly, [C.L.]'s claims under Title VII are here by DISMISSED.'

*"Representation of [R.L.]"*

"5.   The Respondent represented [R.L.] in *[R.L.]* v. BNC Mortgage, Inc. et. al, in the United States District Bankruptcy Court for the District of Kansas, case number 03-41515, adversary number 03-7068. In that case, on March 11, 2005, the Court entered an order granting the Respondent's motion to withdraw from the case. In the order, the Court stated:

'The Court, at the hearing on the Motion to Withdraw held December 22, 2004, took the motion under advisement for one main reason. That reason is that by that date, the litigation had then been pending for over 15 months, the extended discovery deadlines had expired, and the Court desired to get the case in a trial-ready posture before allowing counsel to withdraw. This required only the filing of a final pretrial order. When he filed the Motion to Withdraw, counsel had failed to comply with at least two Court orders requiring him to assemble materials from other counsel, and draft a final pretrial order. First, by order dated July 8, 2004, this Court ordered that Plaintiff's counsel submit "one agreed pretrial order, covering all parties and all claims, after consultation . . . no later than December 3, 2004." He failed to file the agreed pretrial order by that date, and the Court then gave him an informal extension to December 7, 2004. He then

filed a Motion to extend the time, again, to file the document, and to continue the pretrial conference set for December 8, 2004.

'The Court granted this Motion, and continued the final pretrial conference to December 23, 2004, and required the agreed pretrial order [be] filed by December 15, 2004. On December 15, 2004, counsel submitted a 99 page draft pretrial order to the Court (on a one-count complaint), but it did not contain required submissions from many of defense counsel. It was far from being an "agreed order." Two defense counsel independently contacted chambers to question whether a pretrial order had been submitted, because they claim they were not properly contacted regarding the preparation or contents of that order by Plaintiff's counsel.

'Ultimately, on December 15, 2004, the Court determined that because Plaintiff's counsel seemed incapable of following the Court orders regarding submission of a complete pretrial order, and because of the pendency of what then appeared to be serious motions to dismiss, the Court would indefinitely continue the pretrial hearing, until after ruling on the Motions to Dismiss. . . . '

### "Failure to File a Timely Answer to the Formal Complaint

"6.    On April 3, 2007, the Disciplinary Administrator filed a Formal Complaint in the instant case. On May 1, 2007, the Disciplinary Administrator filed a Supplement to the Formal Complaint, alleging that the Respondent failed to timely answer. Finally, on May 10, 2007, that the Respondent filed an Answer to the Formal Complaint."

## Discussion

The Respondent originally filed a motion to file out-of-time exceptions to the final hearing report of the panel. However, that motion was withdrawn. Accordingly, the panel's findings of fact are deemed admitted. See Supreme Court Rule 212(d) (2007 Kan. Ct. R. Annot. 317).

## CONCLUSIONS OF LAW

The hearing panel then made the following conclusions of law:

"1. Based upon the findings of fact, the Hearing Panel concludes as a matter of law that the Respondent violated KRPC 1.1, KRPC 1.3, KRPC 1.16(d), KRPC 3.2, KRPC 8.4(d), and Kan. Sup. Ct. R. 211(b), as detailed below.

"2.    Lawyers must provide competent representation to their clients. KRPC 1.1. 'Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.' The Respondent failed to competently represent [M.F.], [C.L.], and [R.L.]. The Respondent failed to competently represent [M.F.] when he failed to comply with local rules and when he failed to properly have the case removed from the dismissal docket. The

Respondent failed to competently represent [C.L.] when he failed to timely bring the action. The Respondent failed to competently represent [R.L.] when he prepared the pretrial order. By failing to exercise adequate thoroughness and preparation reasonably necessary for the representations, the Hearing Panel concludes that the Respondent violated KRPC 1.1.

"3. Attorneys must act with reasonable diligence and promptness in representing their clients. *See* KRPC 1.3. In this case, the Respondent failed to provide diligent representation to [R.H.] and [M.F.]. The Respondent failed to diligently represent [R.H.] when he failed to timely file a response to the plaintiff's motion for summary judgment. The Respondent failed to diligently represent [M.F.] when he failed to timely file and prosecute the case in her behalf. Because the Respondent failed to act with reasonable diligence and promptness in representing [M.F.], the Hearing Panel concludes that the Respondent violated KRPC 1.3.

"4. KRPC 1.16(d) provides:

'Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law.'

The Respondent requested that he be allowed to withdraw from the representation of [R.H.]. While the Court indicated that he would allow the Respondent to withdraw, the Respondent failed to provide an order to the Court allowing his withdraw. In the meantime, the plaintiff filed a motion for summary judgment. Rather than perfecting his withdrawal, the Respondent took no action. Because the Respondent failed to protect [R..H.'s] interests, the Hearing Panel concludes that, accordingly, the Respondent violated KRPC 1.16(d).

"5. An attorney violates KRPC 3.2 if he fails to make reasonable efforts to expedite litigation consistent with the interests of his client. In this case, the Respondent failed to expedite [M.F.]'s litigation and [R.L.'s] litigation. Accordingly, the Hearing Panel concludes that the Respondent violated KRPC 3.2.

"6. 'It is professional misconduct for a lawyer to . . . engage in conduct that is prejudicial to the administration of justice.' KRPC 8.4(d). In this case, the Respondent engaged in 'conduct that is prejudicial to the administration of justice' when he failed to timely provide appropriate representation to [M.F.], [C.L.], and [R.L.]. As such, the Hearing Panel concludes that the Respondent violated KRPC 8.4(d).

"7. The Kansas Supreme Court Rules require attorneys to file Answers to the Formal Complaints. Kan. Sup. Ct. R. 211(b) requires that Answers to Formal Complaints be filed within 20 days. Allowing for mailing, the Respondent's Answer was due on April 26, 2007. The Respondent did not file his Answer until May 10, 2007. Accordingly, the Hearing Panel concludes that the Respondent violated Kan. Sup. Ct. R. 211(b) by failing to timely file an Answer to the Formal Complaint."

## Discussion

Attorney misconduct must be established by substantial, clear, convincing, and satisfactory evidence. *In re Comfort*, 284 Kan. 183, 190, 159 P.3d 1011 (2007); *In re Landrith*, 280 Kan. 619, 636, 124 P.3d 467 (2005); see also Supreme Court Rule 211(f) (2007 Kan. Ct. R. Annot. 305) (misconduct to be established by clear and convincing evidence). At oral argument, the Respondent admitted that rules were broken and clients were harmed, although he asserts that his conduct was unavoidable due to health problems. Notwithstanding the reasons for the Respondent's conduct, there was substantial, clear, and convincing evidence to support the panel's conclusion that the Respondent violated the stated rules.

## DISPOSITION

In determining the appropriate discipline in this case, the hearing panel considered the following factors outlined by the American Bar Association Standards for Imposing Lawyer Sanctions:

"*Duty Violated*. The Respondent violated his duty to his clients to provide competent and diligent representation.

"*Mental State*. The Respondent knowingly violated his duty.

"*Injury*. As a result of the Respondent's misconduct, the Respondent caused actual harm to [M.F.], [C.L.], and [R.L.]. The Respondent caused potential harm to [R.H.].

"*Aggravating or Mitigating Factors*. Aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following aggravating factors present:

"Previous Discipline. In 1992 and in 1994, the Disciplinary Administrator informally admonished the Respondent for misconduct.

"A Pattern of Misconduct. The Respondent engaged in similar misconduct with regard to four separate clients. Accordingly, the Respondent engaged in a pattern of misconduct.

"Multiple Offenses. The Respondent violated KRPC 1.1, KRPC 1.3, KRPC 1.16(d), KRPC 3.2, KRPC 8.4(d), and Kan. Sup. Ct. R. 211(b). As such, the Respondent committed multiple offenses.

"Refusal to Acknowledge Wrongful Nature of Conduct. While the Respondent admitted many of the facts alleged in this case, he refused to acknowledge that any of the facts established a violation of the Kansas Rules of Professional Conduct.

"Substantial Experience in the Practice of Law. The Kansas Supreme Court admitted the Respondent to practice law in 1990. At the time the Respondent engaged in misconduct, the Respondent had been practicing law for a period of 15 years. Accordingly, the Hearing Panel concludes that the Respondent had substantial experience in the practice of law at the time he engaged in the misconduct.

"Mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed. In reaching its recommendation for discipline, the Hearing Panel, in this case, found the following mitigating circumstances present:

"Absence of a Dishonest or Selfish Motive. Dishonesty and selfishness were not motivating factors in this case.

"Physical Disability. The Respondent provided extensive information regarding health problems that he has suffered as well as health problems that his family members have suffered. It appears that the Respondent's poor health and his family's poor health may have contributed to the Respondent's misconduct.

"Remoteness of Prior Offenses. The previous discipline imposed in 1992 and 1994 was remote in time to the misconduct in this case.

"In addition to the above-cited factors, the Hearing Panel has thoroughly examined and considered the following Standards:

'Suspension is generally appropriate when:

(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or
(b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client.' Standard 4.42."

Before the hearing panel, the Disciplinary Administrator recommended a 1-year suspension. The Respondent asked to be publicly admonished or, in the alternative, that he be placed on probation according to the terms and conditions which he had detailed in a submitted plan of probation.

With respect to the requested probation, the panel reviewed our rule governing probation and noted that the Respondent's submitted plan failed to meet the requirements of Supreme Court Rule 211(g) in several respects. Moreover, the panel opined that placing the Respondent on probation was not in the best interests of the legal profession and the citizens of Kansas.

In its final report, the hearing panel shared that it had seriously considered recommending an indefinite suspension, because of its concern "that the Respondent's attitude and approach during the disciplinary hearing is evidence that he fails to appreciate the se-

riousness of his misconduct and the injury that he caused his clients," and that "Respondent has failed to accept or admit his responsibility with regard to his four clients . . . in this case." However, citing to the severity of the Respondent's health issues and the recommendation of the Disciplinary Administrator, the panel unanimously recommended a 1-year suspension.

### Discussion

The recommendations of the hearing panel and the Disciplinary Administrator as to the sanctions to be imposed are advisory only. Supreme Court Rule 212(f) (2007 Kan. Ct. R. Annot. 317). This court may impose a sanction that is greater or lesser than the recommended disposition. Nevertheless, a majority of the court accepts the recommendations of the hearing panel and the Disciplinary Administrator for a 1-year suspension. A minority of the court would impose a lesser sanction.

IT IS THEREFORE ORDERED that Timothy A. Toth be and he is hereby suspended from the practice of law in the state of Kansas for a period of 1 year, effective on the date of this opinion.

It Is Further Ordered that Timothy A. Toth shall comply with Supreme Court Rule 218 (2007 Kan. Ct. R. Annot. 337).

IT IS FURTHER ORDERED that this opinion be published in the official Kansas Reports and that the Respondent pay the costs of these proceedings.