(120 P.3d 796)
No. 93,132

Maxine Fischer, *Appellant*, v. Robert Roberge, *Appellee*.

Opinion filed August 19, 2005.

*Timothy A. Toth,* of Independence, Missouri, for appellant.

*William P. Coates, Jr.,* of Coates & Logan, LLC, of Overland Park, for appellee.

Before MCANANY, P.J., GREEN, J., and LARSON, S.J.

MCANANY, J.: Maxine Fischer appeals the district court's dismissal of her lawsuit against Robert Roberge for lack of prosecution, as well as the court's denial of Fischer's motion to reinstate the case. Finding no abuse of discretion, we affirm.

This action arises out of an automobile accident on August 2, 1999, in which Fischer claims to have sustained personal injuries. The record discloses that a prior action against Roberge, assigned to Judge Foster, was dismissed without prejudice on July 25, 2002.

The current action was filed on January 7, 2003. It apparently is the refiling of the earlier action that had been dismissed by Judge Foster. At the time suit was refiled, Fischer failed to comply with Local Rule 2.2 (Civil) by alerting the clerk of the court that the matter had previously been filed and assigned to Judge Foster. Accordingly, rather than being assigned to Judge Foster, the case was randomly assigned to Judge Russell. At a scheduling conference on January 8, 2004, Judge Russell became aware of this misassignment and ordered the case to be reassigned to Judge Foster.

On February 13, 2004, Chief Judge Tatum issued one of the court's semi-annual dismissal lists, alerting Fischer (among others) that pursuant to K.S.A. 2004 Supp. 60-241(b)(2) her case would be dismissed for failure to prosecute at 12 p.m. on March 12, 2004, unless by that time the assigned judge had entered an order removing the case from the dismissal list.

Fischer's counsel took no action in response until the last possible day. On March 12, 2004, her counsel was engaged in discovery in another case. He directed his assistant to file a motion to remove Fischer's case from the dismissal list. Shortly after 2 p.m.

on March 12, 2004, the assistant faxed to the Clerk of the District Court a motion to remove the case from the dismissal list, along with an unsigned order. No effort was made to comply with Local Rule 6.4 (Civil) which predicates removal of a case from a dismissal list on contacting the assigned court to set the matter for a pretrial or discovery conference, to obtain a trial setting, or to otherwise show good cause for removing the case from the list.

Since no order was entered removing the case from the dismissal list, the district court dismissed the case for lack of prosecution on March 15, 2004. Fischer moved to set aside the dismissal and to reinstate the case. In her motion she acknowledged that she had been 2 hours late when she fax-filed her motion to remove the case from the dismissal list. When the district court overruled her motion, Fischer appealed.

We review the district court's actions using the abuse of discretion standard.

" 'Orders of dismissal for want of prosecution rest in the judicial discretion of the district courts in order that they may control their dockets, eliminate procrastination and delay, and expedite the orderly flow of business, subject, however, to statutory notice requirements. Such orders will not be reversed on appeal in the absence of a clear showing of abuse of judicial discretion.' [Citation omitted.]" *Namelo v. Broyles*, 33 Kan. App. 2d 349, 353, 103 P.3d 486 (2004), *rev. denied* 279 Kan. 1007 (2005).

K.S.A. 2004 Supp. 60-241(b)(2) provides:

"The judge may on the judge's own motion cause a case to be dismissed without prejudice for lack of prosecution, but only after directing the clerk to notify counsel of record not less than 10 days in advance of such intended dismissal, that an order of dismissal will be entered unless cause be shown for not doing so."

*Substantial compliance*

Fischer fails in her attempt to claim that she substantially complied with the requirements of Chief Judge Tatum's order. She was required to (1) file a motion to remove the case from the dismissal list; (2) contact the court pursuant to Local Rule 6.4 (Civil) and obtain a pretrial or discovery conference setting or a trial setting, or otherwise show good cause for removing the case from the dismissal list; (3) obtain an order from the court removing the case

from the dismissal list; and (4) file the order before noon on March 12, 2004. It is readily apparent that faxing a motion to the Clerk of the District Court, with no other effort, action, or follow-through, does not constitute substantial compliance with these requirements.

Fischer also fails in her attempt to claim the district court's deadline of 12 p.m. was ambiguous, excusing her from having to meet "an uncertain deadline." Fischer did not raise this contention before the district court. Arguments not raised below cannot be raised on appeal. *Board of Lincoln County Comm'rs v. Nielander*, 275 Kan. 257, 268, 62 P.3d 247 (2003). Moreover, Fischer's claim of ambiguity in the deadline is disingenuous given her admission in her motion to reinstate the case that she filed her motion to remove the case from the dismissal list 2 hours past the deadline.

Finally, Fischer fails in her attempt to shift the burden of compliance to the clerk. The responsibility for obtaining and filing an order that satisfies the statute and the local rule is clearly upon Fischer and her counsel, not the clerk.

*Mitigating Factors*

Fischer relies on the factors announced in *Reed v. Bennett*, 312 F.3d 1190-95 (10th Cir. 2002), which our court has turned to in examining whether a district court abused its discretion in dismissing a case for lack of prosecution. See *Namelo*, 33 Kan. App. 2d at 356. Those factors are: " (1) the degree of actual prejudice to the opposing party; (2) the amount of interference with the judicial process; and (3) the culpability of the litigant.' [*Reed*,] 312 F.3d at 1195." 33 Kan. App. 2d at 356.

The primary responsibility for prosecuting a case lies with the plaintiff. When a case has not been prosecuted in a diligent manner, prejudice is generally presumed. *Namelo*, 33 Kan. App. 2d at 356-57. Forty-one months elapsed between the accident and the refiling of the action. Because Fischer failed to alert the clerk to the fact that the case had been filed before, the case languished in the wrong court for an additional 12 months. The inactivity in the refiled action prompted the court to place it on the dismissal list. Though Fischer claims that substantial discovery had taken place,

we cannot find this assertion verified in the record. Further, Rob-erge disputes Fischer's claim that she was cooperating in discovery. Simply put, the appearance docket reveals scant effort by Fischer to prosecute this case. Under the circumstances, the district court did not abuse its discretion in dismissing the case and refusing to reinstate it upon Fischer's request.

Affirmed.