NOT DESIGNATED FOR PUBLICATION

No. 115,232

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Marriage of:
KEVIN DOUGLAS TUBBESING,
*Appellee*,

and

MARY ELIZABETH TUBBESING,
*Appellant*.

MEMORANDUM OPINION

Appeal from Johnson District Court; CHRISTINA DUNN GYLLENBORG, judge. Opinion filed January 27, 2017. Affirmed.

*Joseph W. Booth*, of Lenexa, for appellant.

*Christopher T. Wilson*, of Beam-Ward, Kruse, Wilson & Fletes, LLC, of Overland Park, for appellee.

Before BRUNS, P.J., MCANANY and BUSER, JJ.

*Per Curiam*: In 2013, Mary Elizabeth Tubbesing (Mary Beth) and Kevin Tubbesing (Kevin) were divorced. On May 30, 2014, Mary Beth filed a Motion to Modify Child Support. After repeated continuances, the district court dismissed the motion for lack of prosecution on December 22, 2015. On appeal, Mary Beth contends that the district court abused its discretion in dismissing the motion. Specifically, Mary Beth argues that the district court made an error of law in relying on K.S.A. 2015 Supp. 60-241(b) as authority in dismissing the motion. Moreover, she argues, "the delay was

not unilateral, nor egregious." Because we conclude that the dismissal of the motion for lack of prosecution—under either K.S.A. 2015 Supp. 60-241(b) or under the district court's inherent powers—was reasonable and because we find the district court's dismissal of the motion to modify child support to be reasonable in light of the delay, we affirm.

FACTS

Kevin and Mary Beth are the parents of three minor children. At the time of their divorce in 2013, the district court found that Kevin had an annual gross income of $35,000, and Mary Beth had an annual gross income of $37,584. According to the decree of divorce entered on January 30, 2013, the parties were granted joint legal custody and Kevin was granted residency. Because the income of the parties was so close and they were equally—or nearly equally—sharing parenting time with the children, no child support was ordered to be paid.

Mary Beth filed a Motion to Modify Child Support on May 30, 2014. Specifically, Mary Beth alleged a material change in circumstances because Kevin had evidently admitted in court to having an annual income in excess of $100,000. Following several continuances, the motion to modify had still not been held as of December 2, 2015. As such, Kevin filed a motion to dismiss the motion to modify for lack of prosecution on that date.

At a hearing on the motion to dismiss on December 17, 2015, Kevin pointed out that the motion to modify had been on file for nearly 18 months without resolution. In response, Mary Beth argued that the motion to modify was not subject to dismissal under K.S.A. 2015 Supp. 60-241(b) because it was neither a new claim nor a new action. In addition, Mary Beth argued that several of the delays in the case were at Kevin's request

2

and that there were other intervening factors—including her losing a job—that interfered with scheduling.

At the conclusion of the hearing, the district court granted the motion to dismiss for lack of prosecution. In doing so, the district court cited both K.S.A. 2015 Supp. 60-241(b)(2) and Johnson County Court Rule 26. We note that Rule 26 provides, in part, that motions to review a child support determination by an administrative hearing officer are to be set for a hearing before the district court within 30 days after filing. On December 22, 2015, a journal entry was filed that the Motion to Modify Child Support "shall be and is dismissed for failure to prosecute the same." Subsequently, Mary Beth filed a timely notice of appeal as well as a new Motion to Modify Child Support in district court. The new motion to modify was granted on March 11, 2016, and is currently working its way through the appeal process.

ANALYSIS

On appeal, Mary Beth contends that the district court erred in dismissing her Motion to Modify Child Support without considering the needs of the children. We review a district court's decision on a motion to modify child support for an abuse of discretion. *In re Marriage of Atchison*, 38 Kan. App. 2d 1081, 1085, 176 P.3d 965 (2008). Moreover, we review the dismissal of a case for lack of prosecution for abuse of discretion. *Namelo v. Broyles*, 33 Kan. App. 2d 349, 353, 103 P.3d 486 (2004).

The United States Supreme Court has held that courts have an inherent power to dismiss proceedings for lack of prosecution as part of their duty "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962). Likewise, the Kansas Supreme Court has also determined that courts have an inherent power to dismiss proceedings for lack of prosecution. See *Coutts v. Crider*, 219 Kan. 692, 695, 549

3

P.2d 1019 (1976) (citing *Carter v. State Department of Social Welfare*, 186 Kan. 187, 348 P.2d 609 [1960]; *Reddington v. Rank*, 176 Kan. 484, 271 P.2d 807 [1954]).

In *Frost v. Hardin*, 218 Kan. 260, 263, 543 P.2d 941 (1975), our Supreme Court determined:

"Orders of dismissal for want of prosecution rest in the judicial discretion of the district courts in order that they may control their dockets, eliminate procrastination and delay, and expedite the orderly flow of business, subject, however, to statutory notice requirements. Such orders will not be reversed on appeal in the absence of a clear showing of abuse of judicial discretion."

We note that K.S.A. 2015 Supp. 60-241(b)(1)—which is nearly identical to Rule 41(b) of the Federal Rules of Civil Procedure—does not abrogate the district court's inherent power but simply codifies the authority of judges to control their dockets and to expedite the flow of business in district courts. We also note that by adding subsection (b)(2), the Kansas Legislature has expressed an intent to limit the authority of Kansas courts to dismiss proceedings *sua sponte*. See *Namelo*, 33 Kan. App. 2d at 354. Here, of course, the district court did not dismiss the motion *sua sponte* and there is no dispute over whether appropriate notice of Kevin's motion to dismiss was provided to Mary Beth.

Actions taken by the district court are only to be considered an abuse of discretion if (1) no reasonable person would adopt the view taken by the trial court; (2) the action is based on an error of law; or (3) the action is based on an error of fact. *Wiles v. American Family Assurance Co.*, 302 Kan. 66, 74, 350 P.3d 1071 (2015). In the present appeal, Mary Beth argues that the district court erred as a matter of law in characterizing Kevin's motion to dismiss as a motion under K.S.A. 2015 Supp. 60-241(b). Moreover, she argues that the district court abused its discretion by dismissing her motion to modify because "the delay was not unilateral, nor egregious."

4

Interpretation of a statute involves a question of law over which appellate courts have unlimited review. *Neighbor v. Westar Energy, Inc.*, 301 Kan. 916, 918, 349 P.3d 469 (2015). The most basic rule of statutory construction is that the intent of the legislature governs if it can be ascertained. *State ex rel. Schmidt v. City of Wichita*, 303 Kan. 650, 659, 367 P.3d 282 (2016). Accordingly, we must first attempt to find the legislative intent by looking to the plain language of the statute, giving common words their ordinary meanings. *Ullery v. Othick*, 304 Kan. 405, 409, 372 P.3d 1135 (2016).

We note that the district court's journal entry does not specify whether the dismissal of the motion to modify was under K.S.A. 2015 Supp. 60-241(b) or under the court's inherent power to control its docket. Regardless, the Kansas Code of Civil Procedure governs actions under the Kansas Family Law Code unless otherwise expressly provided. K.S.A. 2015 Supp. 23-2103. Moreover, we find nothing in the Kansas Family Code that supplants K.S.A. 2015 Supp. 60-241(b) or a district court's inherent power to control its dockets, eliminate delay, and expedite the orderly flow of court business.

Specifically, K.S.A. 2015 Supp. 60-241(b)(1) provides:

> "If the plaintiff fails to prosecute or to comply with this chapter or a court order, a defendant *may move to dismiss the action or any claim against it*. Unless the dismissal order states otherwise, a dismissal under this paragraph and any dismissal not under this section, except one for lack of jurisdiction, improper venue or failure to join a party under K.S.A. 60-219, and amendments thereto, operates as an adjudication on the merits." (Emphasis added.)

We find this plain and unambiguous language is broad enough to include the dismissal for the failure to prosecute a motion to modify child support under K.S.A. 2015 Supp. 23-3005. Although we agree with Mary Beth that the filing of a motion to modify child support is not an "action" in and of itself, we find that it is a "claim" brought within

5

an action. In particular, we note that Black's Law Dictionary defines a claim as "[a] demand for money, property, or a legal remedy to which one asserts a right . . . ." Black's Law Dictionary 301 (10th ed. 2014). Certainly, the seeking of additional child support is a demand for money and is a type of legal remedy under K.S.A. 2015 Supp. 23-3005. Thus, we conclude that because the district court had both the statutory authority and the inherent power to dismiss the motion for lack of prosecution, it did not err as a matter of law.

Mary Beth also argues the district court abused its discretion by finding a lack of prosecution because the delay "was not unilateral, nor egregious." Although the record on appeal confirms that Kevin caused some of the delay, it also reflects that Mary Beth caused some of the delay. As such, we cannot conclude that no reasonable judge would have reached the same decision as the judge in this case and it would not be appropriate for us to replace our judgment for that of the district court under these circumstances.

Finally, Mary Beth urges us to consider the best interests of the children. Although we are sympathetic to this argument, the district court is not required to permit court proceedings to linger indefinitely. Instead, the district court is obligated "to secure the just, speedy and inexpensive determination of every action and proceeding." K.S.A. 2015 Supp. 60-102. Accordingly, we cannot conclude that the district court's dismissal of a motion that had been on file for 18 months constitutes a clear showing of abuse of judicial discretion.

Affirmed.

6