NOT DESIGNATED FOR PUBLICATION

No. 115,320

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

MICHAEL C. DALE,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; MARK S. BRAUN, judge. Opinion filed February 3, 2017.
Affirmed.

*Clayton J. Perkins*, of Kansas Appellate Defender Office, for appellant.

*Kendall Kaut*, temporary district attorney, *Chadwick J. Taylor*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before BRUNS, P.J., MCANANY and BUSER, JJ.

*Per Curiam*:  Michael C. Dale appeals the district court's dismissal of his K.S.A. 60-1507 motion for lack of prosecution. We conclude that the district court did not abuse its discretion in dismissing Dale's motion, so we affirm.

In June 2013, Dale was placed on probation in two cases. Dale did not perfect a direct appeal in either of those cases. Two months later, the State moved to revoke Dale's probation. The court held a hearing on the State's motion the following month. At the conclusion of the hearing the court revoked Dale's probation but, because of Dale's mental illness, the court continued the matter to determine if there were any available nonprison sanctions.

1

The following month, in October 2013, the court further continued the matter and ordered Dale to submit to a competency evaluation. Three days later, Dale filed a pro se K.S.A. 60-1507 motion in which he claimed his counsel was ineffective. His lawyer then sought leave to withdraw, and the court permitted him to do so and appointed Jonathan Phelps as Dale's new counsel.

Despite having newly appointed counsel, Dale filed numerous pro se motions and letters with the district court over the next several months. Among other things, Dale complained about conflicts he had with his new counsel.

At a hearing in July 2014, the court determined Dale was competent to proceed and, considering the time Dale had served, ordered Dale released from custody. Dale timely appealed his probation revocation.

The following month, in August 2014, the court permitted Phelps to withdraw as Dale's counsel and appointed Gerald E. Wells as Dale's new counsel in September 2014.

In January 2015, Wells filed an amended K.S.A. 60-1507 motion, which consolidated Dale's various pro se motions claiming his two prior attorneys were ineffective. Wells then moved to withdraw, citing a breakdown of communications with Dale. The court permitted Wells to withdraw and yet another attorney, Nicholas David, was appointed as counsel. After his first hearing representing Dale, David sought leave to withdraw. In the alternative, David asked the district court to grant Dale a continuance, so he could confer with Dale before proceeding any further.

At the next hearing in April 2015, David stated his conflict with Dale had resolved. He requested a continuance, which the court granted but with the warning that Dale must maintain contact with his lawyer, and if Dale either failed to appear or was unprepared for the next hearing, the court would consider dismissing Dale's motion.

Dale failed to appear at the next hearing in June 2015. Accordingly, when counsel could provide no adequate explanation for Dale's absence, the court dismissed the proceedings for lack of prosecution, citing Dale's failure to participate in the prosecution of his motion. This appeal followed.

Dale claims on appeal that the district court abused its discretion in dismissing his K.S.A. 60-1507 motion for lack of prosecution. He does not contend that there was some impropriety in the procedure or manner in which the court arrived at its decision to dismiss Dale's motion. He simply argues that the court abused its discretion "because he was actively attempting to prosecute his case."

K.S.A. 2015 Supp. 60-241(b) gives the district court the discretion on the motion of the defendant or on the court's own motion to dismiss proceedings "[i]f the plaintiff fails to prosecute or to comply with this chapter or a court order." The purpose of this provision is to maintain proper "'control [of] their dockets, eliminate procrastination and delay, and expedite the orderly flow of business.'" *Namelo v. Broyles*, 33 Kan. App. 2d 349, 353, 103 P.3d 486 (2004), *rev. denied* 279 Kan. 1007 (2005).

At the hearing on April 6, 2015, it was anticipated that the court would take evidence and testimony on Dale's claim that day. The court had set aside half a day for the hearing. Dale was present for the hearing, but his counsel asked for a continuance, advising the court that he was unprepared to put on evidence that day because he had not been able to speak with Dale since the last hearing. The court acquiesced, but stated: "What I'm going to do is, I'm going to set a morning aside, if I can, like I did for this, and if we're not ready to go on the next hearing, the case was likely to be dismissed; do you understand that, Mr. Dale?" The court then admonished Dale that he needed to meet with his attorney to prepare for the next hearing. The court repeated, "If you're not prepared to go, your case is likely to be dismissed." The State then indicated that it intended to file,

before the next hearing, a motion to dismiss "[f]or legal reasons." The court instructed the parties, "I want people subpoenaed, the parties ready to go Friday, June 12th at 9:00."

At the hearing on June 12, 2015, Dale's counsel appeared, but Dale did not. The court noted that the State had filed a motion to dismiss, and Dale's counsel advised the court of a pending appeal which counsel suggested might deprive the district court of jurisdiction. The State also noted Dale's absence and suggested that the matter be dismissed for Dale's failure to prosecute. The court stated that the parties had not had an adequate opportunity to argue the motion to dismiss on jurisdictional grounds but ordered that the case be dismissed "on the grounds of [Dale's] failing to participate in the prosecution of the case."

Dale's appeal brings the matter before us. In evaluating the district court's action, we consider (1) the degree of actual prejudice to the State; (2) the amount of interference with the judicial process; and (3) Dale's culpability. See *Broyles*, 33 Kan. App. 2d at 356.

With regard to the first factor, we have declared that "[t]he primary responsibility for prosecuting a case lies with the plaintiff. When a case has not been prosecuted in a diligent manner, prejudice is generally presumed." *Fischer v. Raberge*, 34 Kan. App. 2d 312, Syl. ¶ 6, 120 P.3d 796 (2005). Here, Dale's motion had been pending from October 2013 to June 2015. There had been a revolving door of attorneys representing Dale during the pendency of the motion due to Dale's dissatisfaction with them. At the penultimate hearing on April 6, 2015, the court had set aside half a day for the hearing. Dale was present, but his counsel was unprepared to proceed due to Dale's failure to keep in contact with his counsel in advance of the hearing. The matter was continued. At the hearing on June 12, 2015, the court had set aside another half day for the hearing, but Dale did not even show up. Based on this history of the proceedings, we are satisfied that the first factor for a dismissal for failure to prosecute has been satisfied.

4

With regard to the second factor, Dale's conduct disrupted the orderly process of the proceedings for all involved, including the State, and caused unreasonable delays that burdened the court's busy calendar. On two separate dates the court set aside half a day to take evidence on Dale's motion, but Dale was either unprepared or failed to appear. Over the course of less than 2 years, the district court appointed three attorneys to represent Dale. Despite the representation of counsel, Dale inundated the district court with pro se filings. The district court tried to proceed to the merits of Dale's motion, but it was unable to efficiently do so because Dale failed to maintain contact with his attorneys and failed to appear before the court as directed. Given the great number of filings and hearings that took place without any progress, a further continuance of Dale's case would have been a waste of judicial resources. The second factor for a motion to dismiss for failure to prosecute was satisfied.

Finally, the history of the proceedings recited above demonstrates that Dale was culpable for the lack of progress in his case. Accordingly, we find no abuse of the district court's discretion in dismissing Dale's K.S.A. 60-1507 motion for lack of prosecution.

Affirmed.