NOT DESIGNATED FOR PUBLICATION

No. 116,130

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CHERYL ZORDEL,
*Appellant*,

v.

OSAWATOMIE STATE HOSPITAL,
SECRETARY OF THE KANSAS DEPARTMENT FOR AGING AND DISABILITY SERVICES,
and SUPERINTENDENT or DIRECTOR OF OSAWATOMIE STATE HOSPITAL,
*Appellees*.

MEMORANDUM OPINION

Appeal from Miami District Court; AMY L. HARTH, judge. Opinion filed August 4, 2017. Affirmed.

*Caleb Boone*, of Hays, for appellant.

*Jessica F. Conrow*, litigation counsel, of Kansas Department for Aging and Disability Services, for appellees.

Before ARNOLD-BURGER, C.J., STANDRIDGE and SCHROEDER, JJ.

*Per Curiam*:  A district court may involuntarily dismiss a case when a "plaintiff fails to prosecute or to comply with . . . a court order." K.S.A. 2016 Supp. 60-241(b)(1). Caleb Boone filed suit in the district court on behalf of Cheryl Zordel, seeking to recover damages for injuries she sustained while she was a patient at Osawatomie State Hospital. After it had been pending for more than 1 1/2 years, the case was dismissed without prejudice. Boone refiled Zordel's petition 6 months later. During Boone's second attempt at the litigation, he repeatedly failed to meet deadlines and actively engage in discovery.

1

The defendants (Hospital) filed a motion to dismiss for failure to prosecute the case, followed shortly thereafter by a motion to dismiss as a discovery sanction. The district court granted the motions and dismissed the case, finding that dismissal was appropriate both for failure to prosecute and as a discovery sanction. Zordel appealed. Finding that the court did not abuse its discretion, we affirm.

FACTUAL AND PROCEDURAL HISTORY

Zordel, by and through her attorney Boone, filed suit in Miami County District Court in July 2010, alleging that Osawatomie State Hospital and its employees were negligent in their "supervision, control and protection" of Zordel based on an assault she allegedly suffered in 2008 at the hands of other patients. The case remained pending in the district court until February 2012, when it was dismissed without prejudice. Boone refiled the case exactly 6 months later, invoking the savings provision of K.S.A. 60-518.

After the case was refiled, it spent a year awaiting resolution of a motion to dismiss that the Hospital filed in response to the petition. The Hospital eventually filed an answer to the petition in December 2013. Nothing more happened until March 2014, when the Hospital filed a request for a written statement of Zordel's monetary damages. Boone failed to respond to the request within the 14 days required by Supreme Court Rule 118 (2017 Kan. S. Ct. R. 191).

The first case management conference was held on March 14, 2014. The corresponding case management order set May 5 as the date for both parties to file nonexpert witness and exhibit lists and June 16 as the date for filing expert witness disclosures. A second case management conference was held on June 16. At that time, Boone had not met either of the deadlines that had been established at the first conference. The second case management conference set June 20 as the new date by which Boone was to file a nonexpert witness and exhibit list, August 1 as the date for

2

disclosing expert witnesses, and October 10 as the date by which all discovery should be complete. Boone met the first deadline—he filed a nonexpert witness and exhibit list on June 20. However, Boone missed the deadline for filing his expert witness disclosure a second time. Seventeen days after the amended deadline for filing his expert witness disclosure, Boone filed a motion for an extension of time to disclose his expert witness.

On August 12, 2014, the Hospital sent Boone a request for production of documents and interrogatories. Although Boone should have responded to the requests within 30 days, no response appears in the record until January 5, 2015.

A third case management conference was held in early September 2014. The district court set September 22 as the new deadline for Boone to file an expert witness disclosure and statement of monetary damages, November 7 as the date by which a mandatory medical examination of Zordel was to be conducted, and December 8 as the date by which all discovery was to be complete.

Boone again missed the expert witness disclosure deadline and deadline for filing a statement of monetary damages. In response, the Hospital filed a motion to dismiss for failure to prosecute. A few days later, Boone filed an expert witness disclosure listing Don Horton—who had actually declined to participate in the case—as his expert witness and a statement of monetary damages. A hearing was held on Hospital's motion to dismiss on November 7. At the conclusion of the hearing, the district court decided to take the motion under advisement and notified the parties that the September case management order was still in effect with the modification that the deadline for obtaining a medical examination was now to be November 17. The district judge also warned Boone that "[t]he reason I'm not ruling on the motion today is I want to make sure these deadlines are met; and if they are not, I'm going to let the State argue further on why their motion should be granted."

That same day, November 7, 2014, Boone filed an amended expert witness disclosure.

The Hospital filed an objection to Boone's expert witness disclosure and motion for discovery sanctions on November 17 after it came to light that the individual Boone had originally listed as his expert witness had not agreed to participate in the case and had, in fact, told Boone that he did not believe Boone had a viable case. A hearing was held on the motion on April 29, 2015. At the hearing, the Hospital renewed its argument that the case should be dismissed for failure to prosecute and made a case for dismissing the suit as a discovery sanction based on Boone's erroneous first disclosure of his expert witness and failure with both expert witness disclosures to follow the 6th Judicial District's Local Rule 14—a rule that requires expert witnesses to sign off on disclosures. Boone claimed that the erroneous disclosure was not intentional but rather the result of poor note keeping and that the Hospital had essentially waived the argument regarding his failure to follow Local Rule 14 because it had accepted the first disclosure without protest.

At the end of the hearing, the district court concluded that Boone had been given multiple opportunities to properly engage in discovery and had repeatedly failed to take advantage of them—his failure to properly disclose his expert witness was only the latest in a long line of discovery violations. The district court found that the Hospital had been prejudiced by Boone's actions and that dismissal was appropriate. In its written journal entry of dismissal, the district court clarified that it was dismissing the case both for failure to prosecute and as a discovery sanction.

After the journal entry of dismissal was filed, Boone filed a motion to alter or amend the judgment which the district court denied. Boone now appeals.

4

ANALYSIS

*The district court did not abuse its discretion when it dismissed the case.*

Zordel makes a number of arguments that the district court erred when it dismissed Zordel's case for failure to prosecute it and as a discovery sanction. A district court's decision to dismiss a case for either of these reasons is reviewed for abuse of discretion. *Canaan v. Bartee*, 272 Kan. 720, 726, 35 P.3d 841 (2001); *Namelo v. Broyles*, 33 Kan. App. 2d 349, 353, 103 P.3d 486 (2004). An abuse of discretion occurs when the district court: (1) acts arbitrarily, fancifully, or unreasonably so that no reasonable person would have taken the view adopted by the district court; (2) arrives at an erroneous legal conclusion that went outside the relevant framework or failed to properly consider statutory limitations or legal standards; or (3) rests its conclusion on an error or fact. *Bereal v. Bajaj*, 52 Kan. App. 2d 574, 580, 371 P.3d 349 (2016).

*The district court did not rely on a finding of fraud upon the court to dismiss Zordel's claim.*

Zordel first argues that the district court erred when it "concluded that Plaintiff's Counsel had defrauded the court" by designating the wrong individual as an expert witness and abused its discretion when it used that as a basis for dismissing Zordel's case. Zordel does not provide citations to the record to support her contention that the district court relied on her attorney's perpetration of fraud as a reason for dismissing the case. A party making a claim bears the burden of designating facts in the record to support the claim; without such a record, the claim of error fails. *Friedman v. Kansas State Bd. of Healing Arts*, 296 Kan. 636, 644-45, 294 P.3d 287 (2013).

The reason that Zordel has failed to support his argument with citation to the record is because the district court did not, in fact, rely on fraud as a basis for dismissing

5

her case. An independent review of the record reveals that in its order of dismissal, the district court, contrary to Zordel's assertion, acknowledged that her attorney recognized that he made an error when he designated the wrong individual as his expert witness. The district court went on to note that "[h]ad Plaintiff complied with Local Rule 14, Plaintiff would not have submitted the untrue witness designation of Don Horton because Don Horton would have had to review and sign the disclosure, affording Plaintiff the opportunity to realize the mistake."

It is clear from the record that the district court did not use fraud as a basis for dismissing Zordel's claim. Thus, it is unnecessary to consider this issue for abuse of discretion.

*The district court did not abuse its discretion in dismissing Zordel's case for failure to prosecute.*

In accordance with K.S.A. 2016 Supp. 60-241(b)(1), a district court may involuntarily dismiss a case when a "plaintiff fails to prosecute or to comply with . . . a court order." A defendant can move for dismissal, or the district court on its own "may dismiss a case without prejudice for lack of prosecution" after providing notice to counsel and allowing a 14-day response time for counsel to show cause why the case should not be dismissed. K.S.A. 2016 Supp. 60-241(b)(2). Prior to dismissing a case under K.S.A. 2016 Supp. 60-241, a district court should consider "'(1) the degree of actual prejudice to the opposing party; (2) the amount of interference with the judicial process [caused by the delay]; and (3) the culpability of the litigant.'" *Namelo*, 33 Kan. App. 3d at 356. In such cases, prejudice is generally presumed, but the presumption may be rebutted by the plaintiff. *French v. Moore*, No. 102,170, 2010 WL 481280, at *3 (Kan. App. 2010) (unpublished opinion).

The Hospital primarily relies on *Namelo* for evidence that dismissal of Zordel's case for failure to prosecute under K.S.A. 2016 Supp. 60-241(b) was proper. There, plaintiffs filed suit in 1996. After the plaintiffs failed to comply with discovery requests, the defendants filed a motion to dismiss without prejudice which was granted in 1999. On the date of the deadline for refiling, the plaintiffs refiled their suit. The defendants again attempted discovery without response from the plaintiffs. After nothing happened in the case for 1 1/2 years, the district court sent notice to the parties that it intended to dismiss the case for lack of prosecution. The district court held a hearing at which the plaintiffs argued against dismissal. The district court agreed to let the case go forward on the condition that plaintiffs' attorney associate with cocounsel to assist with prosecution of the case, plaintiffs complete all discovery within 45 days, and plaintiffs' pay $500 in discovery sanctions.

Initially, the plaintiffs complied with all court orders. However, the process hit another snag when plaintiffs' counsel requested a scheduling conference then failed to follow up when the district court did not immediately respond to the scheduling request. The process stalled again when the defendants attempted to depose one of the plaintiffs—plaintiffs' counsel rescheduled the deposition twice due to scheduling conflicts and a third time because he became ill. After the third attempt at the deposition and subsequent motion to withdraw by the plaintiffs' court-ordered cocounsel, the defendants filed a second motion to dismiss. After a hearing, the district court dismissed the case, finding that the plaintiffs failed to prosecute the action and that their attorney failed to associate with cocounsel as the court ordered.

On appeal, this court applied the three-factor test—prejudice to the defendant, interference with the judicial system, and culpability of the plaintiff—to reach the conclusion that the district court did not abuse its discretion when it dismissed the plaintiffs' case for failure to prosecute. 33 Kan. App. 2d at 356-57. Regarding the first factor, this court concluded that, while prejudice is presumed in cases of failure to

7

prosecute, the defendants would "have no difficulty demonstrating actual prejudice." 33 Kan. App. 2d at 356. This court noted that at the time the case was dismissed, the only discovery that had been completed was each party's interrogatories; the primary witnesses had not been deposed, and one of the defendants' material witnesses had died. This court further found that the case "imposed a significant burden upon the judicial system" during the 7 years the litigation had been pending. 33 Kan. App. 2d at 356-57. During that time, the district court was forced to address a motion to compel discover, four motions to dismiss, several status conferences, and two motions by cocounsel to withdraw from representation. Finally, this court determined that "the few legitimate excuses provided by the plaintiffs do not justify a delay of nearly 7 years." 33 Kan. App. 2d at 357.

Although there are some differences, primarily the length of the delay involved and the fact that counsel did participate in discovery—though frequently belatedly or incompletely—the similarities or differences between the two cases is not the deciding factor. See also *Fischer v. Roberge*, 34 Kan. App. 2d 312, 315-16, 120 P.3d 796 (2005), (case dismissed on court's motion for sitting dormant for 12 months and "scant effort by [plaintiff] to prosecute"). Instead, it is necessary to analyze the facts of this case using the three-part test outlined in *Namelo*:  prejudice to the defendant, interference with the judicial system, and culpability of the plaintiff. 33 Kan. App. 2d at 356.

The first factor is prejudice to the defendant. In situations where a case has not been diligently prosecuted, prejudice is generally presumed. 33 Kan. App. 2d at 356. Even if prejudice were not presumed, it would have been easy for the district court to find actual prejudice here. At the hearing on the motion to dismiss as a discovery sanction, the Hospital's attorney noted that he had contacted all eight staff people from Osawatomie State Hospital who were present at the time of the alleged incident with Zordel. Out of the eight, only two remembered Zordel and none remembered the alleged incident that was the subject of this litigation. The fact that none of the possible witnesses remembered

8

the alleged incident or circumstances surrounding it was undoubtedly detrimental to the defense.

The second factor to consider is interference with the judicial system. This factor looks at the drain on judicial resources that resulted from the plaintiff's inaction. 33 Kan. App. 2d at 357. Here, Boone had already gone through the process of initiating and dismissing Zordel's case once. After he refiled it, the district court had to be closely involved in discovery to keep the case moving forward. Three case management conferences were held and the deadlines established at each were ignored, thereby necessitating additional involvement by the district court. After Boone's failure to adhere to deadlines established at the third scheduling conference, the Hospital filed a motion to dismiss. The motion to dismiss resulted in the first of two hearings at which attorneys argued about whether the case should be dismissed for failure to prosecute it.

Finally, it is necessary to consider the culpability of the plaintiff in the delay. 33 Kan. App. 2d at 357. It is unclear whether this third factor is to be broadly or narrowly construed. In other words, whether the culpability of the plaintiff's *attorney* can provide a basis upon which a court may find that the plaintiff has caused substantial delays warranting dismissal, or whether the plaintiff himself or herself must have played a role in the delay. While an attorney is generally considered an agent of the litigant he or she represents so that things done by the attorney are attributable to the litigant directly, this court and our Supreme Court have been hesitant to uphold dismissals for procedural errors attributable exclusively to a litigant's attorney. See *Cannan*, 272 Kan. at 735-39 (where attorney's conduct resulted in dismissal as a discovery sanction, the district court erred when it failed to set aside the judgment); *Miotk v. Rudy*, 4 Kan. App. 2d 296, Syl. ¶ 3, 605 P.2d 587 (1980) ("Generally a client is bound by the appearance, admissions, and actions of counsel acting on behalf of his client."); Restatement (Second) of Agency § 1, comment e (1958). However, in cases of dismissal for failure to prosecute, this court and our Supreme Court have not considered this issue or attempted to assign blame between

9

the litigant and the attorney when upholding dismissals. See *Frost v. Hardin*, 218 Kan. 260, 543 P.2d 941 (1975); *Fischer*, 34 Kan. App. 2d 312.

It is unclear how, if at all, Zordel herself contributed to the delays in this case. At the first hearing on Hospital's motion to dismiss for failure to prosecute, Boone indicated that one of the reasons he was delayed in responding to a discovery request was that his client

> "lives in Wichita. She's not close to me, so she's not readily accessible to me. It's difficult for her to travel because of the fact that she's on a limited income. She's been taken into her—She's been taken into the home of a first cousin who has, out of the goodness of his heart, just decided to help her, provide her with a place to stay. And so when I contact her and him, I really have to deal with both of them because she's a nice lady and her cousin's a nice person, but as far as communication conversation, because of the fact that she's had a lot of mental health treatment, it's difficult for her to really converse readily. It's just— It's just a function of somebody taking substantial, you know, or strong mental health related drugs."

Based on Boone's description of her, it appears that Zordel may have been mentally incapable of actively participating in her case, thus resulting in some delay.

Even assuming that an attorney's failure alone may provide a basis for dismissal under K.S.A. 2016 Supp. 60-241(b), there is ample evidence from which a reasonable person could have found that Boone failed to prosecute Zordel's case to such an extent that dismissal was warranted. Boone repeatedly blew past deadlines, ignored requests from the Hospital for information, and failed to seek out information himself. Several glaring examples of Boone's failure to take necessary actions to move this case forward include:  it took Boone 63 days to respond to the Hospital's K.S.A. 2016 Supp. 60-212(b)(6) motion to dismiss; it took Boone nearly 7 months to respond to the Hospital's request for a written statement of Zordel's monetary damages, despite Kansas Supreme

10

Court Rule 118(a) (2017 Kan. S. Ct. R. 191) which requires plaintiffs to respond to such request within 14 days; Boone missed three court-ordered deadlines to make his expert witness disclosure, only making the disclosure after the Hospital filed a motion to dismiss for failure to prosecute (and then listing the wrong person as his expert and ignoring Local Rule 14); and, there is no indication anywhere in the record that Boone sought information from the Hospital in the form of interrogatories, requests for production, or by deposition of the Hospital's proposed witnesses. Although Boone offered some excuses for his delays, the excuses were not compelling and did not explain his repeated failures to even seek continuances.

By the time this case was dismissed, more than 7 years had passed from the date of the alleged incident out of which the suit arose. None of the individuals who were employed at Osawatomie State Hospital at the time of the incident had any memory of it. While prejudice is presumed in cases of a plaintiff's failure to prosecute his or her case, actual prejudice could have been established here. Judicial time and resources were wasted attempting to compel Boone to prosecute Zordel's case. Finally, Boone did little to excuse or take ownership of the delays. Despite missing nearly every deadline set in this case at least once, Boone only filed one motion for an extension of time to complete a filing—a motion for an extension of time to file his expert witness disclosure that was filed 17 days after the second deadline for disclosing had passed. Boone made some reference to the death of his father and the difficulty he had communicating with Zordel, but he gave no other explanation for his failure to move the case forward in a reasonable time frame. In short, all of the *Namelo* factors weigh in favor of upholding the district court's dismissal for failure to prosecute.

The district court did not make any errors of law or fact. In addition, we cannot conclude that no reasonable person would have taken the view adopted by the district court. Accordingly, the district court did not abuse its discretion when it dismissed

11

Zordel's case for failure to prosecute. Because this finding is dispositive of the appeal, we need not examine the alternative basis of the dismissal as a sanction for discovery abuses.

Affirmed.