NOT DESIGNATED FOR PUBLICATION

No. 125,093

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CALLY BUEHNE,
*Appellant*,

v.

KANSAS DEPARTMENT FOR CHILDREN AND FAMILIES,
*Appellee*.

MEMORANDUM OPINION

Appeal from Ford District Court; LAURA H. LEWIS, judge. Opinion filed December 9, 2022. Reversed and remanded.

*Peter J. Antosh*, of Garcia & Antosh, LLP, of Dodge City, for appellant.

No appearance by appellee.

Before ARNOLD-BURGER, C.J., HILL and SCHROEDER, JJ.

PER CURIAM: Our trial courts are forums where lawsuits are not to linger but are to be decided. With the passage of time, witness memories degrade, events become unclear, and the significance of important terms dims. Legal disputes do not ripen well with age. Therefore, the district courts have discretion to dismiss a petition if the party who brings the action fails to press the issue.

We, in turn, review such case dismissals for failure to prosecute for an abuse of discretion. Was the dismissal reasonable or unreasonable? Was it based on an error of

1

law? Did the district court make a factual mistake? Our review of this record compels us to answer that the court's dismissal was not reasonable. We must reverse and remand.

*This petition seeks judicial review of agency action.*

In May 2019 Cally Buehne was disqualified from receiving food assistance benefits and ordered to repay almost $14,000 in overpayments. Buehne received food assistance benefits from December 2014 through January 2017 and February 2018 through October 2018.

Buehne filled out an application for food assistance benefits in 2013 and completed annual review forms. On each form she explained that she did not own land outside the property she lived on and listed her only resource as a checking account.

In October 2018 the Kansas Department for Children and Families discovered that Buehne owned four properties in Edwards County, Kansas. The Department sent Buehne a letter asking for the following:

- purchase date of the properties;
- how they were paid for;
- proof of value of the homes and amount owed on them;
- proof of income from the homes; and
- names and phone numbers of the tenants.

Buehne told the Department that the properties belonged to her father, but she helped him get the loans because he had bad credit. Soon, the Department closed her food assistance case because she did not provide the information they had requested.

The Department decided that Buehne was ineligible for food assistance benefits because she owned too many resources. It calculated that Buehne had received an

2

overpayment of $13,739. The Department then referred the matter to the Office of Administrative Hearings for an administrative disqualification hearing.

At the administrative hearing, Buehne testified that she did not list the properties because they belonged to her father, and she was not making any money from them. Buehne testified she never made a profit from the properties. Buehne acknowledged her name was on the properties but disputed that she was the legal owner; she testified that she owned them "'through the bank.'" Buehne's father David testified that he invested money in the properties but had never made a profit from them.

The administrative law judge found that Buehne had a duty to report that she owned the properties and any one of the properties alone was sufficient to make her ineligible for food assistance benefits. The ALJ also found that Buehne knew she was not being truthful when she omitted the properties from her benefit applications.

In June 2019 Buehne asked for judicial review. She alleged:
  (1) There was insufficient evidence to find that she committed an intentional violation;
  (2) there was insufficient evidence to determine the overpayment of benefits; and
  (3) the Department's actions were too punitive and contradict the social safety net which underpins the very existence of its program.

*The petition was filed but no action followed.*

In June 2020 the district court notified the parties of case inaction. Buehne responded that the inaction was due to her reliance on Supreme Court Administrative Order 2020-PR-058, effective May 27, 2020, which suspended all statutes of limitation

and statutory time standards or deadlines until further notice because of the COVID-19 pandemic.

Even so, over a year later, Buehne still had not tried to move the case forward and the Department moved for dismissal. Buehne responded that her failure to prosecute was not willful and her attorney caused the delay. She noted that the Department was not prejudiced by the delay and her right to judicial review outweighed any interference with the judicial process.

The district court then ordered the parties to brief their positions on the petition for judicial review and scheduled a hearing. Both parties submitted briefs. At the hearing, the district court granted the Department's motion to dismiss for failure to prosecute. The court noted that the Department did not move to dismiss until two and a half months after the Kansas Supreme Court reinstated court operations and Buehne still had not pursued the case. Although Buehne filed a response to the Department's motion to dismiss, the court still found that she failed to prosecute in a reasonably timely manner and affirmed the administrative order.

Buehne appeals the district court's grant of the Department's motion to dismiss her petition for judicial review. She argues that the district court abused its discretion by dismissing her petition for review when only two and a half months had passed since the Kansas Supreme Court reinstated the time limitations and the parties submitted briefs and had a hearing on the merits.

*We find an abuse of discretion.*

Buehne argues that two and a half months of delay just after the COVID-19 stay was lifted is not enough time to justify dismissal of her petition for review. Especially, she notes, when hearings had been held and briefs had been submitted. The case could

have been decided on the merits with these submissions. The Department has not favored us with a brief.

This is a matter of district court discretion. District courts have judicial discretion over orders of dismissal for want of prosecution so they may control their dockets, eliminate procrastination and delay, and expedite the orderly flow of business. Such orders shall not be reversed on appeal unless there is a clear showing of abuse of discretion. *Namelo v. Broyles*, 33 Kan. App. 2d 349, 353, 103 P.3d 486 (2004).

A judicial action constitutes an abuse of discretion if it is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *Biglow v. Eidenberg*, 308 Kan. 873, 893, 424 P.3d 515 (2018). We have found no error of law or fact. So we look here to see if dismissal was reasonable.

Buehne relies on *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002), as support. The *Reed* court held in order to dismiss for failure to prosecute, the court must consider:

(1) the degree of actual prejudice to the opposing party;

(2) the amount of interference with the judicial process; and

(3) the culpability of the litigant. 312 F.3d at 1195.

Even though *Reed* is a federal case and is not binding on this court, several other panels of our court have already used the *Reed* factors when considering whether a case warranted dismissal. See *Fischer v. Roberge*, 34 Kan. App. 2d 312, 315, 120 P.3d 796 (2005); *Namelo*, 33 Kan. App. 2d at 356; *Woodmont Company v. West Ridge Pizza Pub*, No. 122,827, 2021 WL 3239518, at *8 (Kan. App. 2021) (unpublished opinion). We are persuaded that we should follow the ruling in *Reed.*

Here, rather than ruling on the motion to dismiss when it was presented, the district court requested that the parties brief the merits of the underlying case. They did so. Upon receipt, the district court had everything it needed to decide the case. But rather than review the briefs the court requested be submitted, the court dismissed the case for failure to prosecute. We see no prejudice to the Department if the matter is decided one way or the other. And the matter is important to Buehne. Since the matter has been submitted, we also see no interference with the judicial process. Thus, we find the district court's dismissal to be unreasonable.

We reverse the holding of the district court dismissing the case for failure to prosecute. We remand the case for a decision on the merits.

Reversed and remanded.